**In the Matter of Michael A. RIVERA dba Michael's Devil Crabs, Debtor.**

**Bankruptcy No. 80–433 C.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

July 23, 1980.

George T. Hadley, trustee.

Jary C. Nixon, Tampa, Fla., for trustee.

James Farley, Michael A. Rivera, Tampa, Fla., debtor.

## ORDER ON TRUSTEE'S OBJECTION TO LISTED EXEMPT PROPERTY

ALEXANDER L. PASKAY, Chief Bankruptcy Judge.

THE MATTER IN controversy is the right of Michael A. Rivera, the Debtor involved in this Chapter 7 proceeding, to avail himself of the benefits of the exemption laws of this State. His right to these benefits is challenged by the Trustee of the

estate who contends that the Debtor, not being the head of a family, is not entitled to the benefits of the exemption laws of this State.

The underlying facts governing this controversy are without dispute and can be summarized as follows:

Michael A. Rivera, the Debtor involved in this proceeding, is a single man maintaining a common household since March 1, 1979 with one Dale Kersch, a single woman. During this period, the Debtor was gainfully employed and supported himself and Dale Kersch. On April 5, 1980, Dale Kersch gave birth to a child, after the Debtor filed his voluntary petition for relief under Chapter 7 of the Code on April 2, 1980. There is no evidence in this record that the Debtor ever acknowledged in writing, prior to the commencement of the case, that he is the father of the child simply because on that date there was no child whom he could rightfully claim as a dependant. Neither was there any judicial determination under the appropriate statutory proceeding of this State, *Florida Statutes*, § 742.011, that he is, in fact, the father of the child to whom he owes a legal obligation to support. Of course, there is no question that he never had, and still does not have, any legal obligation to support his roommate, Dale Kersch.

It is the contention of the Trustee that since the Debtor does not qualify to be head of a family under the laws of this State, he is not entitled to any exemptions. In response, the Debtor contends that he is the head of a family since he supported and still supports, Dale Kersch and also the child born on April 5, 1980.

█ Before considering the applicable legal principles which govern the right of exemptions under the laws of this State, it should be noted at the outset that exemption rights of a Debtor involved in a proceeding under the Bankruptcy Code are governed first by the Code itself, § 522(b)(2)(A), and second, by the applicable local laws. This controlling Section of the Code permits a debtor to exempt from property of the estate, any property that is exempt under State or local law, that is applicable *on the date of filing of the petition* (emphasis supplied), at the place in which the Debtor's domicile has been located for 180 days immediately preceding the date of filing the petition. Thus, it is evident that the right to claim exemptions by a Debtor is governed by the facts and governing circumstances which existed on the date the petition was filed and not by any changes which may have occurred thereafter. Exemption rights under the laws of this State have their genesis in the Constitution of this State itself, Fla.Const. Art. 10, § 4 and the method of claiming exemption rights are implemented by Statute, *Florida Statutes*, Ch. 222. According to these provisions rights to exemptions are reserved to individuals who qualify to be the head of a family with some exceptions not relevant to this controversy, i. e. exemptions relating to insurance policies. *Florida Statutes*, § 222.14.

█ To qualify to be a head of the household, there must be at least two persons living together as one family and one of the two must be recognized and acting as the head of that family. The family unit required may be a family in law, such as the relationship of a husband and wife, or parent and child, or a family in fact, a relationship in which an established and *continuing* personal authority, *permanent* responsibility and obligation actually rests upon one as the head of the family for the welfare of others who, in fact, recognize and observe a family relationship and look to one as the head of the family (emphasis supplied). *In re Kionka's Estate*, 113 So.2d 603 (Fla.App.1959). Accordingly, there must be either a legal or a moral obligation to discharge the duties of a head of the family permanently and continually and actual support, temporary or even a sustained support, is not by itself determinative of this question. Personal authority and responsibility is an indispensable prerequisite and existence of this authority and the permanent responsibility cannot be established by agreement of the parties, but can be found to exist only if all relevant facts of

each case warrants the conclusion that the claimant qualifies to be the head of a family. *DeCottes v. Clarkson*, 43 Fla. 1, 29 So. 442 (1901); *Jetton Lumber Co. v. Hall*, 67 Fla. 61, 64 So. 440 (1914); *Hill v. First National Bank*, 73 Fla. 1092, 75 So. 614; *Anderson v. Anderson*, 44 So.2d 652 (Fla. 1950); *Brady v. Brady*, 55 So.2d 907 (Fla. 1950). Applying the foregoing well established legal principles which govern the matter under consideration, it is evident that the Debtor's exemption claim cannot be sustained for the following two reasons:

▪ First, the Debtor is a single man who did not have any legal dependants to whom he owed either a legal or moral duty of support, or a responsibility as the head of a family at the point of cleavage, i. e. on the date he filed his voluntary petition for relief under Chapter 7 of the Code. Of course, the fact that he is a single man is not significant by itself since a single man or woman may be recognized as a head of a family, *Davis v. Miami Beach Bank & Trust Co.*, 99 Fla. 1282, 128 So. 817 (1930). What is significant and controlling is that at the time pertinent to this controversy there was no cognizable family unit in law or in fact composed of himself and his roommate, Dale Kersch.

▪ In order for the Debtor to be able to establish himself as a "head of a family" he must be able to establish a family relationship based on cohabitation with an unmarried woman. Such a relationship, which might be chic and acceptable in some cases, is still a violation of *Florida Statutes* § 798.01 (PERSONS LIVING IN OPEN ADULTERY), Chap. 798.02 (LEWD AND LASCIVIOUS BEHAVIOR), or 798.03 (FORNICATION). Since each of those three statutes involve commission of a crime, it is quite obvious that the status of head of a family cannot be obtained based on such a relationship which is against the public policy of this State.

▪ At the time the Debtor filed his petition, the child was not born, thus at the point of cleavage there was no family unit composed of the Debtor and a child. Even assuming, but not admitting, that an expected, but not yet born, child was the child of the Debtor as a matter of biological reality, in the absence of a binding determination of his fatherhood, either by a legally enforceable admission by the father or by judicial fiat, he had no legal or moral obligation to a dependent simply because there was none in existence. The fact that under the laws of this State, an unborn child is a legally cognizable person for certain purposes, i. e. inheritance, *Florida Statutes*, § 731.106, is without significance in the context of the present controversy. The claim of the headship by the Debtor in a family unit composed by himself and an unborn child is equally without merit.

This Court is not unmindful that the courts of this state traditionally construed exemptions claims liberally in favor of the claimant, *Vandiver v. Vincent*, 139 So.2d 704 (Fla.App.1962) and they should be carried out in the beneficent spirit in which they were intended. However, there must be a family unit either in law or in fact and since there is none in this case, clearly none at the controlling time, i. e. the time the petition was filed, the exemption claim of the Debtor cannot be recognized.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's objection to the exemption claim of the Debtor be, and the same hereby is, sustained and the properties of the Debtor are hereby declared to be subject to liquidation by the Trustee as part of the estate pursuant to § 541 of the Bankruptcy Code free and clear of any exemption claim of the Debtor.