**In re Joseph A. FRIEDMAN, Ruth Friedman, Debtor.**

**Bankruptcy No. 83–00949G.**

United States Bankruptcy Court, E.D. Pennsylvania.

April 3, 1984.

Lisa A. Heyman, Stephen Raslavich, Blue Bell, Pa., for debtors, Joseph A. Friedman, Ruth Friedman.

Ralph D. Friedman, Friedman & Friedman, Jenkintown, Pa., for creditor, Martin Sacks Agency.

Henry Wessel, Wessel & Carpel, Philadelphia, Pa., for trustee, Leo F. Doyle.

Leo F. Doyle, Trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether the debtor-wife can claim, in addition to her own federal "homestead" exemption of $7,500.00, the federal homestead exemption of the debtor-husband, who, together with his wife, had elected the federal exemptions at the time they filed their joint petition under chapter 7 of the Bankruptcy Code ("the Code"); but who had died after said filing and election of exemptions. We conclude, pursuant to section 522(b)(2)(B) of the Code and Bankruptcy Rule 1016, that the right to claim the exemption on behalf

of the debtor-husband vested at the time the debtors' filed their petition and that the debtor-husband's subsequent death did not alter said claim of exemption.

The stipulated facts of the instant case are as follows:[1] On March 7, 1983, Joseph and Ruth Friedman ("the debtors") filed a joint petition for relief under chapter 7 of the Code. Thereafter, the debtor-husband died. The debtors, at the time their petition was filed, owned the premises located at 9320 Laramie Road, Philadelphia, Pennsylvania, as tenants by the entireties ("the property"). Martin Sacks Agency ("the creditor") holds a judicial lien against the property in the amount of $14,107.00. The debtors' schedules establish that there are two prior mortgages against the property in the aggregate amount of $40,591.61. Said schedules further reveal that the debtors elected the federal exemptions pursuant to section 522 of the Code and claimed $15,000.00 as exempt from their estate under section 522(d)(1) of the Code.

On October 19, 1983, the debtors filed an application pursuant to section 522(f)(1) to avoid the creditor's $14,107.00 lien because said lien impaired the $15,000.00 homestead exemption available to the debtors. The sole issue for our determination is whether the exemption claimed by the now deceased debtor-husband, in property owned as tenants by the entireties on the filing date, survives his death and whether the debtor-wife can now claim that exemption in addition to her own individual exemption. The creditor asserts that, at the time the debtor-husband died, any exemption claimed (resulting from the property held as tenants by the entireties) ceased to exist because the property right of the debtor-husband ceased to exist under Pennsylvania law upon his death and, therefore, the right to the exemption resulting from his property right in said tenancy by the entireties likewise ceased to exist.[2]

The debtor-wife, on the other hand, contends that the right to claim the exemption on behalf of the debtor-husband vested at the time the petition in bankruptcy was filed and that his subsequent death did not alter the exemptions claimed in the schedules. We agree.

It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition.

Section 522(d)(1) of the Code provides:

> (d) The following property may be exempted under subsection (b)(1) of this section:
>
> (1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

11 U.S.C. § 522(d)(1) (1979).

In addition, when a husband and wife are joint debtors, section 522(m) provides that

> (m) This section shall apply separately with respect to each debtor in a joint case.

11 U.S.C. § 522(m) (1979).

*Collier on Bankruptcy* notes that if the homestead is owned jointly by a husband and wife, the debtor's exemption is protected by the Code in that said exemption is granted to the debtor or a dependent of the debtor *"with the debtor's spouse always defined as a dependent"* (emphasis added). 3 Collier on Bankruptcy, ¶ 522.10 at 522–45 (15th ed. 1983). Section 522(b)(2)(B) of the Code provides:

> (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

    ✣     ✣     ✳     ✳     ✣     ✳

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. We note that, under Pennsylvania law, "the death of one spouse does not extinguish the concept of the undivided whole of the entireties property." *Williamson v. Denson*, 11 Bankr. 791, 795 (Bankr.W.D.Pa.1981).

(B) any interest in property in which the debtor had, *immediately before the commencement of the case,* an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law (emphasis added).

11 U.S.C. § 522(b)(2)(B) (1979).

Moreover, Bankruptcy Rule 1016 provides that:

Death or insanity of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the *estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred* ... (emphasis added).

Based on all the above, we conclude that the debtor-wife can claim, in addition to her own individual exemption, the exemption of the deceased debtor-husband. Accordingly, we will grant the debtors' application to avoid the creditor's lien of $14,107.00.