**In re Thomas R. & Ann M. COSTELLO, Debtors.**

**Bankruptcy No. 182–10466.**

United States Bankruptcy Court, E.D. New York.

April 22, 1987.

Marilyn Simon, New York City, for debtors.

Scott Fairgrieve, Mineola, N.Y., for Cessna Finance Corp.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Judge.

Thomas Costello and the estate of his deceased wife, Ann M. Costello, have moved this court to reopen the Chapter 7 case in which he and his wife had been joint debtors, stay the foreclosure sale of the home in which Thomas Costello and his family live and where Ann Costello had lived, and avoid the liens of certain judgment creditors to the extent that they impair exemptions which they claimed during the pendency of their case. The court grants the motion.

### I. *Background*

On February 26, 1982, Ann and Thomas Costello filed a joint petition under Chapter 7 of the Bankruptcy Code. One of the debtors' assets consisted of their marital home located in Pearl River, New York ("the marital home"). The debtors listed the estimated market value of the marital home in their schedules as $125,000 subject to an outstanding mortgage held by Franklin Society Federal Savings & Loan ("Franklin") in the amount of $34,056 and various judgment liens.

The petition for relief set out alternative exemptions from property of the estate. Ann Costello elected exemptions permitted under New York Civil Practice Law and Rule ("CPLR") § 5206(a) pursuant to § 522(b)(2) of the pre–1984 Bankruptcy Code. These exemptions included a $10,000 exemption in the marital home. Thomas Costello chose instead to elect the federal exemptions enumerated in § 522(d) of the pre–1984 Code. His exemptions included a $7,500 exemption in the marital home. Thus, the aggregate homestead exemption amounted to $17,500.

Following commencement of the Chapter 7 case, foreclosure proceedings previously instituted by the mortgagee against the marital home were abandoned. On April 26, 1982, the first meeting of creditors was held and an interim trustee was appointed. Shortly thereafter the trustee filed his report of no distribution and approving the debtors' list of exempt property. None of

the creditors objected to the report pursuant to then Bankruptcy Rule 403(c) and the report became final. During the pendency of their case, the debtors never moved under § 522(f) to avoid the fixing of judicial liens on their interest in the marital home to the extent those liens impaired their exemptions under § 522(b). Discharges were granted to both debtors on July 20, 1982 and on August 5, 1982 the case was closed.

Ann Costello died on December 8, 1984 but Thomas R. Costello continues to live in the marital home with the rest of his family. After Mrs. Costello's death First Federal Savings and Loan Association of Rochester ("the Bank"), successor by merger to Franklin, commenced state court proceedings to foreclose its mortgage which presently amounts to approximately $70,000 by reason of substantial defaults in payments. Schedules annexed to the foreclosure complaint indicate that judgment liens against the property aggregate approximately $368,000 of which about $20,000 were perfected subsequent to the filing of the petition in bankruptcy. The complaint was served upon all the judgment lien creditors. Each had been scheduled in the debtors' petition either as a lien creditor whose lien had been perfected pre-petition or as an unsecured creditor. The present estimated market value of the marital home is $150,000.

On January 12, 1987, Thomas Costello and the estate of Ann Costello moved by order to show cause to reopen the Chapter 7 case pursuant to 11 U.S.C. § 350(b) in order to avoid the liens of judgment creditors under § 522(f)(1) to the extent they may impair the $17,500 aggregate homestead exemptions claimed in the original Chapter 7 joint petition.

The motion also sought to restrain the foreclosure sale of the marital home pending this court's consideration of the application to reopen the Chapter 7 case. Although all the judgment lien creditors received notice of the motion, only one, Cessna Finance Corporation ("Cessna"), appeared and objected to the motion.

Cessna is a former aircraft supplier of Aer Aisling, Ltd., a corporation in which the debtors served as President and Vice President and for which they guaranteed certain debts. During 1979 Aer Aisling purchased an aircraft financed by Cessna, secured by a note and chattel mortgage personally guaranteed by the debtors. Aer Aisling subsequently sold the aircraft to a third party purchaser without notifying Cessna, thereby breaching the note and chattel mortgage. Cessna then sought and secured a judgment against the debtors and Aer Aisling in the amount of $22,995.42. The judgment was perfected on June 9, 1981, prior to the perfection of the liens of the remaining judgment lien creditors with the exception of one whose claim amounts to a few hundred dollars. Thereafter, Aer Aisling filed a Chapter 7 petition on the same date as the debtors. Cessna's judgment remains unpaid.

Cessna contends that reopening the case would lend support to a fraud and conversion practiced upon them by the debtors. It further contends that it would be prejudiced by the fact that the debtors have waited five years after their case closed before seeking to void the liens under § 522(f) on the eve of the foreclosure sale. Finally, Cessna contends that because Ann Costello died in 1984, the movants have lost any right to claim the homestead exemption under the CPLR.

At the time of the argument of the motion before this court, it became apparent that the movants' primary concern was to stay the foreclosure proceedings in order to prevent the extinguishment of the debtors' exemptions affecting the marital property. At the suggestion of the court, Cessna agreed with the movants that if the court were to direct that the case be reopened, the foreclosure sale would proceed conditioned upon the movants applying the amount of the exemptions against any surplus remaining after payment in full of the lien of the mortgagee and the prior lien of Cessna and the other small lien creditor, as well as the amounts of the valid liens of the remaining judgment lien creditors to the extent that they do not impair the exemptions.

## II. *Discussion*

### A. Reopening the case.

■ Section 350(b) of the Bankruptcy Code provides that: "[a] case may be reopened ... to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b) (1986). The great weight of authority holds that absent prejudice to a creditor, a bankruptcy court may reopen a case for the purpose of commencing a proceeding to avoid the fixing of a lien under § 522(f). *See, e.g., In re Carilli,* 65 B.R. 280 (E.D.N.Y.1986), *In re Dvoroznak,* 38 B.R. 178 (Bkrtcy.E.D.N.Y.1984); *In re Moser,* 27 B.R. 144 (Bkrtcy.E.D.N.Y. 1983); *Rheinbolt v. Credit Thrift of America, Inc.,* 24 B.R. 167 (Bkrtcy.S.D.Ohio 1982); *In re Tarrant,* 19 B.R. 360 (Bkrtcy. Alaska 1982); *Matter of Holyst,* 19 B.R. 14 (Bkrtcy.D.Conn.1982); *In re Gortmaker,* 14 B.R. 66 (Bkrtcy.D.S.D.1981); *see also* 2 Collier on Bankruptcy, Para. 350.03 at 350–6 (15th ed. 1986). The legislative history accompanying § 522(f) sets forth the policies at stake:

> "Subsection (f) protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien...." H.R.Rep. No. 595, 95th Cong. 1st Sess. 362 (1977); S.R.Rep. No. 95–989, 95th Cong. 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318.

Neither § 522, Bankruptcy Rule 4003 which implements § 522(f) nor the accompanying legislative history provide a time limit for avoiding liens under § 522(f). In view of the legislative silence in this area we are reluctant to imply one.

A number of jurisdictions have declined to reopen cases where creditors had incurred expenses in seeking to recover property through state court proceedings, holding that to do otherwise would unduly prejudice those creditors. *E.g., In re Hawkins,* 727 F.2d 324 (4th Cir.1984); *In re Serafini,* 30 B.R. 606 (Bkrtcy.W.D.Pa.1983); *In re Towns,* 16 B.R. 949 (Bkrtcy.N.D.Iowa

1982). In the case at bar, however, Cessna Finance has made no showing whatever of prejudice. The record is devoid of any evidence that it has begun state court proceedings or that it has incurred any expense in attempting to recover its judgment from the property in question. Indeed, the only creditor that arguably would be prejudiced is the mortgagee, First Federal Savings & Loan Association of Rochester, in view of its prior commencement of a foreclosure proceeding against the property. First Federal, however, does not object to the reopening of the case as long as it may proceed to foreclose its lien. Consequently, reopening of this case is justified. The next question presented to the court is whether or not the movants may apply their exemptions against the surplus funds remaining after the foreclosure sale in light of the death of one of the spouses.

### B. Claiming the Exemption.

Once a Chapter 7 case has been reopened, a surviving joint debtor—here Thomas Costello—may claim the exemption he elected and which vested at the time the petition in bankruptcy was filed to avoid the fixing of a lien under 11 U.S.C. § 522(f).

Section 541(a)(1) defines property of the estate as all legal or equitable interests of the debtor in property *as of the commencement of the case.* 11 U.S.C. § 541(a)(1) (1978) (emphasis added). Section 522(b)(2)(A) states that notwithstanding § 541, a debtor may exempt any property exempt under either the federal exemptions enumerated in § 522(d) or state or local law applicable on the date of the filing of the petition. 11 U.S.C. § 522(b)(2)(A) (1978). Inasmuch as all property of the debtor at the time of filing becomes property of the estate, the debtor can exempt that portion of the property permitted to be exempt under law applicable on the date of filing. *See* House Report No. 95–595, 95th Cong., 1st Sess. 360–1 (1977). Thus, if a debtor owns a home at the time he files his petition, he may exempt it if applicable law so allows at that time.

By the same reasoning, Thomas Costello, in his capacity as surviving spouse, not as the representative of his wife's estate, may raise the exemption that she had elected and which had vested at the time of the filing. *See In re Friedman,* 38 B.R. 275 (Bkrtcy.E.D.Pa.1984).

Although *Friedman* did not involve a reopened case, it was dispositive of whether a debtor-wife could claim, in addition to her own homestead exemption, the homestead exemption of her deceased debtor-husband in order to avoid the fixing of a lien upon their property. There the debtor husband and wife filed a joint Chapter 7 petition. They jointly owned a home in Philadelphia at the time of the filing. Each debtor elected the federal exemptions under § 522(d) and claimed an aggregate $15,000 homestead exemption. Subsequently, the debtor-husband died. The debtor-wife later filed an application pursuant to § 522(f)(1) to avoid a creditor's lien that would impair the aggregate homestead exemptions. The court held that the debtor-wife could claim both her exemption and her husband's exemption for the purpose of avoiding the lien, reasoning that a debtor's exemptions are determined as of the time of the filing of the petition. *See also White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924); *In re Tardiff,* 38 B.R. 974 (Bkrtcy.D.Me.1984); *In re Dvoroznak, supra,* 38 B.R. at 181, 182.

In the case at bar, the now deceased debtor elected her exemptions under local law. CPLR § 5206 of the State of New York, the applicable law at the time of filing, states in pertinent part:

(a) Exemption of Homestead. Property of one of the following types, not exceeding ten thousand dollars ... owned and occupied as a principal residence, is exempt from the application of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:

1. A lot of land with a dwelling thereon....

(b) Homestead exemption after owner's death. *The homestead exemption continues after the death of the person in whose favor the property was exempted for the benefit of the surviving spouse ... until the death of the surviving spouse.*

N.Y.Civ.Prac.Law § 5206(a), (b) (McKinney 1980) (emphasis added).

At the time the joint petition was filed, Mrs. Costello was entitled to elect the $10,000 homestead exemption provided by the CPLR. Furthermore, the judgment recovered by Cessna does not bar the exemption because it was not recovered wholly for the purchase price thereof. Only the mortgagee can make that argument in this case. Thus, Mr. Costello presently has the right under § 522(f) to avoid the fixing of a judicial lien to the extent it may impair the $17,500 exemptions claimed by him and his wife because under the CPLR the homestead exemption claimed by Mrs. Costello survives her death and inures to the benefit of her husband.

III. *Conclusion*

Mr. Costello may reopen the Chapter 7 case pursuant to 11 U.S.C. § 350(b) in order to avoid the fixing of judicial liens that impair the homestead exemptions originally elected under the joint petition. The stay of the foreclosure of the mortgage is lifted and the mortgagee may proceed to sale on condition that the proceeds thereof be subject to the rights of the debtor Thomas Costello after payment in full of the amount due the mortgagee. The exemption claimed by Mrs. Costello at the time of the filing survives her death and may be claimed by her husband as surviving spouse, not as the representative of her estate. Mr. Costello may avoid the fixing of the judicial liens affecting the property to the extent that they impair the aggregate of exemptions totalling $17,500.

The judicial liens affecting the property which were perfected after the petition in bankruptcy was filed are declared void pursuant to § 549 of the Bankruptcy Code.

SO ORDERED.