897 F.2d 935
 58 USLW 2559, 22 Collier Bankr.Cas.2d 1147,
Bankr. L. Rep. P 73,253
 In re Melvin E. PETERSON, Debtor.
Phillip D. ARMSTRONG, Trustee in Bankruptcy for the Estate
of Melvin E. Peterson, Appellant,
v.
Melvin E. PETERSON, Debtor and his Personal Representative
Bruce Peterson and Marshall Peterson, Appellees.
 No. 89-5118.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 11, 1989.
Decided March 1, 1990.
 
 Phillip D. Armstrong, Minot, N.D., for appellant.
 Michael Ward, Minot, N.D., for appellees.
 Before McMILLIAN and WOLLMAN, Circuit Judges, and SNEED, Senior Circuit Judge.*
 McMILLIAN, Circuit Judge.
 
 
 1
 Phillip Armstrong (trustee) appeals from a final judgment entered in the District Court[1] for the District of North Dakota finding that the bankruptcy homestead exemption of debtor Melvin Peterson survived his death and could be distributed to his heirs. We affirm.
 
 I.
 
 2
 Peterson filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code (Code) on December 9, 1985. Peterson claimed a homestead exemption when he filed the petition. The trustee concedes that at the time of filing, Peterson was entitled to and properly claimed a homestead exemption. At the time he filed his petition, Peterson had five children, one of whom was a dependent.[2] Peterson died on August 20, 1986, while his case was still pending.
 
 
 3
 In April 1988, the trustee moved for a declaratory judgment that the homestead exemption lapsed when Peterson died before his bankruptcy case closed without leaving a surviving spouse or a dependent child. On October 24, 1988, the bankruptcy court ruled in favor of trustee, holding that under North Dakota law the homestead exemption continues after the claimant dies only if there is a surviving spouse or a dependent child. The court ruled that Peterson's homestead exemption was relinquished when he died during the pendency of his bankruptcy without leaving a spouse or a dependent child, and the property reverted to the bankruptcy estate.
 
 
 4
 Peterson's estate appealed the bankruptcy court's decision to the district court. On January 17, 1989, the district court reversed the bankruptcy judge, ruling that Bankruptcy Rule 1016, the Bankruptcy Act of 1898 and its legislative history established that the exemptions of a debtor are preserved even if the debtor dies prior to the closing of the case. See In re Peterson, No. A4-88-272, slip op. at 4 (D.N.D. January 17, 1989). Trustee's motion for reconsideration was denied. This appeal followed.
 
 II.
 
 5
 A brief review of how the homestead exemption fits into the overall bankruptcy scheme, as well as the interplay between federal and state law, will enable this court to more effectively address the issue raised by the trustee. At the time the debtor files a Chapter 7 petition, a bankruptcy estate is created which is comprised of all of the debtor's legal and equitable interests in property, 11 U.S.C. Sec. 541(a)(1) (1988). See In re Fandrich, 63 B.R. 250, 251 (Bankr.D.N.D.1986) (Fandrich ); In re Sivley, 14 B.R. 905, 909-910, 5 Collier Bankr.Cas.2d (MB) 565, 572 (Bankr.E.D.Tenn.1981). Section 541(a)(1) is a broad provision which encompasses all apparent interests of the debtor. In re Graham, 726 F.2d 1268, 1270-71 (8th Cir.1984). Code section 522(b)(2)(A) permits debtors to exempt from the bankruptcy estate any property that is exempt under federal, state, or local law applicable on the date of filing the petition.[3] 11 U.S.C. Sec. 522(b)(2)(A) (1988). Debtors may claim exemptions by filing a list of exempt property at the time the petition is filed. Unless the trustee or any creditor objects within a specified time period, the property claimed is exempt. 11 U.S.C. Sec. 522(l ) (1988).[4]
 
 
 6
 A homestead exemption is one of the exemptions available under North Dakota law. The North Dakota Constitution mandates that laws be established which exempt a homestead from forced sale. N.D.Const. art. XI, Sec. 22 (1981). N.D.Cent.Code Sec. 28-22-02 accords the head of family certain absolute exemptions from attachment, levy and sale, among them being "the homestead as created, defined, and limited by law." N.D.Cent.Code Sec. 28-22-02(7) (Supp.1989). The amount of real property which may be taken as a homestead exemption is set forth at N.D.Cent.Code Sec. 47-18-01 (Supp.1989), which defines the homestead as consisting "of the land upon which the claimant resides, and the dwelling house on that land in which the homestead claimant resides, with all its appurtenances, and all other improvements on the land, the total not to exceed eighty thousand dollars in value, over and above liens or encumbrances or both."[5] See generally Fandrich, 63 B.R. at 252.
 
 III.
 
 7
 With this overview in mind, we turn to the issue raised by trustee. For reversal, trustee argues that the homestead exemption lapsed and reverted to the bankruptcy estate when Peterson died without leaving a spouse or dependent children while his bankruptcy case was still open. Because entitlement to a bankruptcy exemption is a question of law, we review the judgment of the district court de novo. In re Hutton, 893 F.2d 1010, 1011-1012 (8th Cir.1990); Stevens v. Pike County Bank, 829 F.2d 693, 695 (8th Cir.1987).
 
 
 8
 We do not agree with Trustee's contention that Peterson's death cause his exemption to lapse. "It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition." In re Friedman, 38 B.R. 275, 276 (Bankr.E.D.Pa.1984) (Friedman ). We join these courts finding that bankruptcy exemptions are fixed on the date of filing. See White v. Stump, 266 U.S. 310, 313, 45 S.Ct. 103, 104, 69 L.Ed. 301 (1924); Mansell v. Carroll, 379 F.2d 682, 684 (10th Cir.1967).
 
 
 9
 By holding that exemptions are fixed on the date of filing, we focus only on the law and facts as they exist on the date of filing the petition. There is no doubt that the law as it exists on the date of filing determines a debtor's claimed exemption. 11 U.S.C. Sec. 522(b)(2)(A), which allows a debtor to claim state-created exemptions, explicitly provides that the state law applicable on the date the petition is filed governs the exemptions which may be taken. The propriety of limiting our factual investigation to those facts existing on the date of filing is less self-evident. Nevertheless, for the reasons set forth below, we hold today that only the facts existing on the date of filing are relevant to determining whether a debtor qualifies for a claimed exemption.
 
 
 10
 Our decision to consider only the facts and circumstances as they exist on the date of filing is supported by precedent, Bankruptcy Rule 1016, logic, and policy considerations. Although no court in this circuit has addressed the issue of which facts should be examined to determine whether a debtor qualifies for a claimed exemption, several other courts have reached the same conclusion we reach today. In Friedman, 38 B.R. at 276-77, the bankruptcy court rejected an argument similar to the one made by the trustee in this case. The court held that the $7500 federal homestead exemption claimed by the husband on the date of filing survived his death and could be claimed by his wife in addition to her own homestead exemption. The court reasoned that the husband's entitlement to the homestead exemption vested at the time the petition was filed and his subsequent death did not destroy the claimed exemption. Id. at 276.
 
 
 11
 Similarly, in In re Rivera, 5 B.R. 313, 315-16 (Bankr.M.D.Fla.1980), the bankruptcy court denied the debtor a homestead exemption because he was unmarried[6] and did not qualify for head of family status under Florida law at the time he filed his petition, even though his child was born three days after the bankruptcy petition was filed. The court held that "the right to claim exemptions by a Debtor is governed by the facts and governing circumstances which existed on the date the petition was filed and not by any changes which may have occurred thereafter." Id. at 315 (emphasis added). Because the debtor was unmarried and childless at the time of filing, the court determined that the debtor was not entitled to a homestead exemption.
 
 
 12
 Several courts have extended the Rivera rule to hold that trustees or creditors were not entitled to the proceeds of exempt property which the debtor sold after filing, so long as the debtor was entitled to the exemption on the date of filing. See, e.g., In re Patterson, 64 B.R. 120, 123 (W.D.Wis.1986) ("[o]nce a debtor's available exemptions are determined, a debtor generally will not lose the available exemptions because of the subsequent sale of the exempt assets"); In re Werner, 79 B.R. 819, 820 (Bankr.W.D.Wis.1986) (sale of exempt farm property two days after filing of petition does not alter exempt status because "debtors are entitled to the exemptions they had available on the date of filing their bankruptcy petition"); In re Brzezinski, 65 B.R. 336, 339 (Bankr.W.D.Wis.1985) (sale of exempt farm property at auction 17 days after filing does not destroy exemption because "[e]xemption rights are determined based on the circumstances present at the time of filing ... [c]hanges occurring after filing are not relevant").
 
 
 13
 Secondly, Bankruptcy Rule 1016 (1988) provides in relevant part that "[d]eath or insanity of the debtor shall not abate a liquidation case under Chapter 7 of the Code. In such event, the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred." Chief Judge Conmy noted that this rule does not address the specific issue raised in this case, but found the rule helpful. See In re Peterson, No. A4-88-272, slip op. at 2. We agree. Rule 1016 states that where possible, death of the debtor should not influence the administration or resolution of a bankruptcy proceeding. By determining exemptions based on the facts as they exist on the date of filing, Rule 1016's dictate that a debtor's death or insanity not influence the bankruptcy proceedings is effectuated. See Friedman, 38 B.R. at 277.
 
 
 14
 Thirdly, logic supports our conclusion that only the facts existing on the date of filing a petition should be examined to determine a debtor's right to exemptions. In 11 U.S.C. Sec. 522(b)(2)(A), Congress specified that state law applicable on the date of filing determines the debtor's right to state-created exemptions. As a logical matter, it makes sense to apply the law applicable on the filing to the facts and circumstances existing on the date of filing. It would be asymmetrical and cause confusion to apply the law existing on the date of filing to facts which arose sometime after the petition was filed.
 
 
 15
 Finally, policy considerations support evaluating a debtor's right to exemptions based on the facts in existence at the time of filing. One of the main goals of the Bankruptcy Code is to provide honest debtors with a fresh start. In re Lindberg, 735 F.2d 1087, 1090 (8th Cir.1986), cert. denied, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984) (Lindberg ). As stated by this court in Lindberg, "[d]ebtors are permitted to exempt a certain amount of their personal assets to facilitate a 'fresh start.' They may make full use of exemptions, and can even convert non-exempt property to exempt property on the eve of bankruptcy." Id. Determining the debtor's right to exemptions on the date of filing facilitates the debtor's fresh start. If events subsequent to the date of filing are allowed to alter a debtor's exemptions, uncertainty and subsequent litigation could impede a debtor's fresh start. Moreover, allowing postpetition facts to alter a debtor's homestead exemption might cause confusion in real estate titles and make it more difficult to finally resolve bankruptcy cases. Consideration of post-petition facts would thus hinder the quick, expeditious resolution of bankruptcy disputes.
 
 
 16
 For these reasons, we conclude that Peterson's right to a homestead exemption is determined by applying North Dakota law to the facts and circumstances of Peterson's case as of the date he filed his petition.
 
 
 17
 Peterson filed his bankruptcy petition on December 9, 1985. His entitlement to a homestead exemption is thus examined under the facts as they existed on that date. There is no doubt that Peterson was entitled to a homestead exemption at the time he filed his petition.[7] At the time of filing, Peterson's youngest daughter was a dependent and lived with him on the homestead property. Peterson was thus a head of a family within the meaning of N.D.Cent.Code Sec. 28-22-01.1(2)(a) (Supp.1989). Peterson also properly filed his exemption claim when he filed his petition. Indeed, trustee concedes that Peterson was entitled to and properly claimed a homestead exemption at the time he filed his petition.
 
 
 18
 Peterson's homestead exemption became fixed and vested on the date of filing. Peterson's death, which occurred eight months after the date of filing, is irrelevant for determining his right to a homestead exemption.[8] Accordingly, we hold that Peterson's death eight months after filing his petition did not constitute an abandonment of the homestead or cause it to lapse and revert back to the bankruptcy estate.
 
 
 19
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Joseph T. Sneed, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation
 
 
 [1]
 The Honorable Patrick A. Conmy, Chief Judge, United States District Court for the District of North Dakota
 
 
 [2]
 When the petition was filed, Peterson's youngest daughter, Deenie Peterson, was 18 years old and lived on the homestead property. When Peterson died, Deenie Peterson was 19 and in college. She continued to live on the Peterson property through the summer of 1987
 
 
 [3]
 Although 11 U.S.C. Sec. 522 permits the debtor to elect between state exemptions or the federal exemptions set forth at 11 U.S.C. Sec. 522(d), North Dakota is among the majority of states which has chosen to "opt out" of the federal exemption scheme and limit its residents to the exemptions allowable under North Dakota law. See N.D.Cent.Code 28-22-17 (Supp.1989). Besides North Dakota, at least 34 other states have opted out of the federal exemption scheme and limited residents to the exemptions provided for under state law. 3 Collier on Bankruptcy p 522.02, at 522-11 n. 4A (5th ed. 1989)
 
 
 [4]
 Bankruptcy Rules 1007 and 4003 establish procedures for filing lists of exempt assets, objections to such lists, and the resolution of issues presented by the objections. See In re Lindberg, 735 F.2d 1087, 1089 n. 7 (8th Cir.), cert. denied, 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984)
 
 
 [5]
 Section 47-18-01 has been construed as a limitation and definition of the value of the homestead rather than a definition of the term "homestead." Cullen v. Sullivan, 51 N.D. 384, 199 N.W. 760, 761 (1924)
 
 
 [6]
 The court found that debtor's cohabitation with his girlfriend did not constitute a family unit. In re Rivera, 5 B.R. 313, 315-16 (Bankr.M.D.Fla 1980)
 
 
 [7]
 Trustee is correct in pointing out that the scope of Peterson's homestead exemption is determined by North Dakota law. See Hanson v. First National Bank, 848 F.2d 866, 868 (8th Cir.1988) ("[w]hen the debtor claims a state-created exemption, the scope of the claim is determined by state law"); Norwest Bank Nebraska, N.A. v. Tveten, 848 F.2d 871, 873 (8th Cir.1988) (same). However, trustee errs in suggesting that North Dakota law be applied to post-petition facts
 
 
 [8]
 Even assuming arguendo that post-petition facts are relevant to determining Peterson's right to a homestead exemption, we take issue with the trustee's proposed interpretation of North Dakota law. The trustee asserts that Peterson's death caused his homestead to lapse and revert to the bankruptcy estate, or that his death constituted an abandonment of the homestead. We disagree with both contentions
 We do not believe that the homestead lapsed when Peterson died. Under North Dakota law, the property covered by the homestead exemption survives the death of the claimant, so long as the homestead property is devised or descends to a surviving spouse or child. See N.D.Cent.Code Sec. 30-16-04 (1976). Section 30-16-04 does not require that the heirs be minor or dependent children. In this case, Peterson died intestate and did not leave a surviving spouse. N.D.Cent.Code Sec. 30.1-04-03(1) (1976) specifies that the entire intestate estate passes to the issue of the decedent if there is no surviving spouse. Under North Dakota law, the property covered by Peterson's homestead exemption did not lapse but rather passed to his five children free from the claims of creditors.
 We also doubt that North Dakota courts would find that Peterson's death constituted an abandonment of the homestead. In order to find an abandonment of a homestead, the trial court must determine that the debtor has voluntarily departed from the homestead property, and left without the intent to return and occupy it as a home. Farmers State Bank v. Slaubaugh, 366 N.W.2d 804, 808 (N.D.1985) (Slaubaugh ). Peterson passed away. He did not admit residency of another state, enter into a divorce, or otherwise voluntarily relinquish his homestead property. See Slaubaugh, 366 N.W.2d at 808 (abandonment of homestead found when claimant admitted under oath that he was an actual, bona fide resident of another state); Young v. White, 267 N.W.2d 799, 802 (N.D.1978) (homestead terminated by divorce because status as head of household lost). The debtor's death in this case is most akin to the situation presented in Larson v. Cole, 76 N.D. 32, 33 N.W.2d 325 (1948), where the Supreme Court of North Dakota found no abandonment because the claimant was involuntarily called away from the property to serve as a dentist during World War II. Id. 33 N.W.2d at 327-30. The court found that the claimant did not voluntarily relinquish his homestead even though he moved his wife and daughter to a different state, offered the homestead for sale, sold nearly all of its furnishings and household goods, and gave a lease for the premises with an option to buy. Although it appears that North Dakota courts have yet to resolve this issue, we do not believe that death would constitute a voluntary departure from or relinquishment of the homestead property.