United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-61178
Summary Calendar

_____

IN THE MATTER OF: BLONDENA ALLEN WALLER

                    Debtor

_____


BLONDENA WALLER,

                    Appellant,

                    v.

J. C. BELL, Trustee,

                    Appellee.


_____

Appeal from the United States District Court
for the Southern District of Mississippi
(03-CV-318)
_____

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

Per Curiam[*]:

    Appellant Blondena Waller (Waller) appeals the district

court's judgment disallowing her exemption under Mississippi code

§ 85-3-17. After filing a Chapter 13 bankruptcy, Waller claimed

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

an exemption of $10,000 due to a pending claim against Gaylor Chemicals for the release of chemicals which purportedly affected her. The Trustee objected to this exemption and the Bankruptcy Court upheld this objection. The district court affirmed the Bankruptcy Court's interpretation of the statute and subsequent denial of the exemption to Waller.

The only issue on appeal is whether Appellant is entitled to claim a $10,000 exemption on a personal injury claim based on a pending class action lawsuit in which no judgment has been entered or settlement reached. Waller argues that the language of the Mississippi statute is vague and so should be liberally construed in her favor. The Bankruptcy Court interpreted § 85-3-17 as requiring a judgment in order for the exemption to take effect.

§ 85.3.17 reads as follows:

> The proceeds of any judgment not exceeding ten thousand dollars recovered by any person on account of personal injuries sustained, shall inure to the party or parties in whose favor such judgment may be rendered, free from all liabilities for the debts of the person injured.

The district court found that Waller was not entitled to an exemption under this statute because "[w]hether a particular property or interest in property of a debtor's bankruptcy estate is eligible for an exemption provided by federal or state law is determined 'strictly 'as of' the date on which the petition in bankruptcy is filed'." District Court Opinion 3, citing In re Orson, 283 F.3d 686, 691 (5th Cir. 2002). See also In re

-2-

Peterson, 897 F.2d 935, 937 – 38 (8th Cir. 1990). The district court concluded that, because as of the date that Waller filed her petition no judgment had been entered in her personal injury claim and so no "proceeds" of that judgment existed, Waller was ineligible for the exemption.

Additionally, the district court found that any judgment that is eventually rendered on Waller's personal injury claim will not be exempt as after-acquired property because they will be proceeds that result from a pre-petition cause of action, which this Court has held belongs to the bankruptcy estate. See In re Wischan, 77 F.3d 875, 877 (5th Cir. 1996).

Because it is a settled principle of law that the applicability of an exemption must be determined on the basis of the facts as of the day the debtor files her petition, we agree with the district court's finding that Appellant cannot prevail on her statutory arguments and affirm on the basis of the district court's November 24, 2004 "Order and Reasons".