In re Fred Herbert BROWN and
Juanita D. Brown, Debtors.

**Bankruptcy No. 286–20100.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

Oct. 7, 1987.

Qlo Crum, Amarillo, Tex., for debtors.

Larry Sherman, Gibson, Ochsner & Adkins, Amarillo, Tex., for State Nat. Bank of Groom.

### MEMORANDUM OF OPINION CONCERNING DEBTORS' CLAIM OF RURAL HOMESTEAD

JOHN C. AKARD, Bankruptcy Judge.

This case concerns the Debtors' right to exempt two tracts of land as rural homestead in this bankruptcy proceeding.

*Facts*

On February 27, 1986, Fred Herbert Brown and Juanita D. Brown (Debtors) filed for relief under Chapter 11 of the Bankruptcy Code. The Debtors claimed three tracts of land as rural homestead. One tract consisting of 18.258 acres in Carson County, Texas, where the Debtors reside, is indisputably exempt as homestead (the Home Place). This case involves the remaining two tracts of land.

In their Schedules the Debtors claimed as exempt an undivided ¼ interest in 480 acres of grassland and farmland in Armstrong County, Texas (Armstrong Place) approximately 15 miles from the Home Place. The Debtors never farmed the Armstrong Place, but rented it out for farming.

On April 3, 1986 Mrs. Brown's aunt died and Mrs. Brown inherited 10% of the aunt's estate which consists of 400 acres of real estate and cash. Through an agreement made with the other heirs, Mrs. Brown will receive an undivided interest in the 400–acre parcel (Aunt's Place) equal to 60 acres of land in exchange for which she waives all claims to any cash from the estate. This agreement was not submitted to the Bankruptcy Court for approval. On November 10, 1986, the Debtors filed an Amended Claim of Exemptions in which they added their 60–acre interest in the Aunt's Place to their prior-claimed exemptions. The Debtors farmed the Aunt's Place from 1972 to 1985 on a verbal crop share arrangement. The Debtors did not farm this property in 1986 and the aunt had leased it to another party for the 1986 crop year.

The Debtors assert that they are entitled to all of these parcels as their exempt rural homestead since the Home Place contains 18.258 acres, their interest in the Armstrong Place is 120 acres and their interest in the Aunt's Place is 60 acres. Thus, the total they claim is less than the maximum of 200 acres allowed under the Texas Constitution as a rural family homestead.

*Discussion*

The Texas Constitution article XVI, § 51 states that a rural homestead may consist

of one or more parcels "used for the purposes of a home, or as a place to exercise the calling or business of the homestead claimant." TEX. CONST. art. XVI, § 51 (Vernon Supp.1987). Section 41.002 of the Texas Property Code defines a rural homestead as one being "used for the purposes of a rural home." TEX.PROP.CODE ANN. § 41.002 (Vernon Supp.1987).

### Armstrong Place

■ On the whole, Texas case law does not regard the continuous rental of farmland as a use "for the purposes of a home." In the most authoritative case on the subject, the Texas Supreme Court stated that "before a homestead can be claimed upon land, it must be used for some one purpose of a home, either by cultivating it, using it directly for the purpose of raising family supplies, or for cutting firewood and such like." *Autry v. Reasor*, 102 Tex. 123, 113 S.W. 748 (1908). In *Autry*, the Court held that the land was not exempt even though Reasor leased it on a crop share basis to yearly tenants who cultivated the land and Reasor hauled his part of the crop to his residence for use by his family.

In a later case, the fact pattern disclosed a situation quite similar to that of the current Debtors. *Vaughn v. Vaughn*, 279 S.W.2d 427 (Tex.Civ.App.—Texarkana 1955, writ ref'd n.r.e.). The *Vaughn* case involved a tract of land a few miles from the property upon which the plaintiff resided. Neither the plaintiff nor her husband had cultivated or farmed the tract. Instead, they used the rents and revenues from the property. The Court said that the collection and use of rents, without prior impressment of a homestead use, would not sustain a claim of homestead. *Id.* at 436–37. Other Texas cases also hold that renting out property is insufficient to impress the land with a homestead character. *See, e.g., Blackwell v. Lasseter*, 203 S.W. 619 (Tex.Civ.App.—El Paso 1918) aff'd, 227

S.W. 944 (Tex.Comm'n App. 1921, opinion adopted); *Walker v. Dailey*, 290 S.W. 813 (Tex.Civ.App.—Austin 1927, no writ).

In the instant case, the Debtors never farmed the Armstrong Place themselves, nor did they use it for the purposes of a home, as defined by Texas case law. Therefore, the Debtors cannot claim it as exempt because the property was never impressed with homestead characteristics through actual cultivation by the Debtors.

### Aunt's Place

■ In determining whether the Debtors may claim the inherited property as homestead, the Court must look at the facts as they existed either at the time of filing or at the time of acquisition. Normally, the right of the debtor to claim property as exempt is determined on the facts as they exist on the date of the filing of the petition. *In re Harlan*, 32 B.R. 91, 92 (Bankr. W.D.Tex.1983), *citing White v. Stump*, 266 U.S. 310, 313, 45 S.Ct. 103, 104, 69 L.Ed. 301 (1924). However, property acquired after filing becomes property of the estate under § 541(a) of the Bankruptcy Code [1] which lists as belonging to the estate "any interest in property that would have been ... an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date ... by bequest, devise, or inheritance." [2] The Debtor should be allowed to claim as exempt, property inherited after the petition is filed. *In re Wilson*, 694 F.2d 236, 238 (11th Cir.1982). In cases involving inherited property, "exemption rights ... must depend on the facts when they are acquired—after filing." *In re Sivley*, 14 B.R. 905, 910 (Bankr.E.D.Tenn.1981).

We first look at the Debtors' interest in the land at the time of filing. The Debtors claimed they farmed the land for several years prior to their bankruptcy filing. Under Texas law, farming impresses the land

---

1. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are to sections in the Bankruptcy Code.

2. Since this is a Chapter 11 proceeding, the inherited property would become property of

this Chapter 11 estate under § 541(a)(7) which includes in the definition of property of the estate "[a]ny interest in property that the estate acquires after the commencement of the case."

with the character of a homestead. *Cocke v. Conquest,* 120 Tex. 43, 35 S.W.2d 673, 678 (1931); *White v. Blackman,* 168 S.W.2d 531, 533 (Tex.Civ.App.—Texarkana 1942, writ ref'd w.o.m.). If they had continued to farm the land at the time they petitioned for relief, they could have claimed it as a valid homestead exemption. The Debtors' leasehold interest would have been sufficient to sustain that homestead claim. *Sullivan v. Barnett,* 471 S.W.2d 39, 43 (Tex.1971). However, at the time of filing, the Debtors had ceased renting the land. At that point, the Debtors had no interest in the land whatsoever. In order to sustain a homestead claim, the Debtors must have had at least a possessory interest in the land at the time of filing. *Greenawalt v. Cunningham,* 107 S.W.2d 1099, 1100 (Tex.Civ.App.—Dallas 1937, no writ). Thus, the Debtors' homestead claim based on the facts at the time of filing must fail.

Because the Debtors possessed no interest in the land at the time of filing, we next look at the facts at the time the Debtors actually inherited the property. The facts indicate that upon inheriting the property, the Debtors did not impress the Aunt's Place with the character of a homestead. They did not use it for the purposes of a home—either by residing on it or farming it—but continued to lease it to a third party. As stated earlier, continuous rental since acquisition is insufficient to imbue the acreage with a homestead character. The Debtors also performed no overt acts of preparation "evidencing an intention to make this tract their homestead" after they acquired the property. *See Silvers v. Welch,* 127 Tex. 58, 91 S.W.2d 686, 688 (1936).

The Court's conclusion that the inherited land is not homestead is strengthened by the fact that Mrs. Brown inherited only 40 actual acres of land, a one-tenth interest in her deceased aunt's 400-acre tract. Subsequently, she attempted to transform her cash inheritance into an additional 20 acres and exempt the entire 60 acres as homestead. The homestead laws were not designed to allow debtors to take other, non-homestead property out of the bankruptcy estate and retain it for their own use. The purpose of the homestead exemption is to allow debtors to retain a certain amount of land which they currently use for the purposes of a home. *Cocke v. Conquest,* 120 Tex. 43, 35 S.W.2d 673, 678 (1931). The Debtors' proposed utilization of the homestead laws is not in keeping with this purpose. At the time of filing, the Debtors had no interest in the Aunt's Place whatsoever. At the time of acquisition, they did not use or begin to make preparations to use the land for the purposes of a home. Thus, the Debtors cannot exempt the acreage as homestead.

### Conclusion

The Debtors cannot claim their interest in the Armstrong Place as exempt since they continually rented the land to other parties and never impressed a homestead character upon it by farming the tract themselves. The Debtors cannot claim as exempt the Aunt's Place since, at the time they filed their petition, they had no interest in that land. Additionally, upon acquiring the land after filing, the Debtors did nothing that would sustain a homestead exemption for that property. The Debtors' homestead is limited to the 18.258 acres whereon the Debtors reside.

Order accordingly.[3]

---

3. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014.