**In re Robert Joseph MAGNESS and Janie Irene Magness, Debtors.**

**Bankruptcy No. 593–50099–7.**

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

Nov. 9, 1993.

Contested Matters by Bankruptcy Rule 9014. This Memorandum will be published.

Robert B. Wilson, Sims, Kidd, Hubbert & Wilson, L.L.P., Lubbock, TX, Trustee.

Bruce Magness, Lubbock, TX, for debtors.

Bill Parkinson, Attorney–Advisor, U.S. Trustee's Office, U.S. Dept. of Justice, Dallas, TX, United States Trustee.

## MEMORANDUM OF OPINION ON EXEMPTIONS

JOHN C. AKARD, Bankruptcy Judge.

The question in this case is whether the Debtors can claim as exempt, property which Mr. Magness inherited subsequent to the filing of the bankruptcy petition.[1] The court finds that the exemption should be allowed.

### FACTS [2]

Robert Joseph Magness and Janie Irene Magness [3] (Debtors) filed for relief under Chapter 7 of the Bankruptcy Code on February 11, 1993. Robert B. Wilson is the duly appointed and acting trustee.

In Schedule C of their petition and schedules, the Debtors elected, under § 522(b)(2) of the Bankruptcy Code,[4] to claim exemptions available under applicable nonbankruptcy federal laws and under Texas laws (commonly referred to as the "state exemptions"). The meeting of creditors was held on April 2, 1993. On the same date, the Trustee filed his Report of Trustee in No–Asset Case and Application for Closing. On June 11, 1993, the Trustee requested that the Clerk change the status of the case from no-asset to "undetermined at this time." On June 21, 1993, the Debtors received their discharge.

Mr. Magness' mother died in an automobile accident on April 28, 1993. She did not leave a will. She was a California resident and, under the laws of that state, her estate passed in equal shares to her four children of whom Robert Magness is one.

On July 2, 1993, the Debtors filed Amended Schedules A, B, and C. Amended Schedule B listed a one-fourth share of the sale of the home of his deceased mother at $15,750. Amended Schedule C changed the exemptions to the "federal exemptions" under § 522(b)(1). Such exemptions are described in § 522(d). The Debtors claimed $8,250 of the $15,750 share of the sale of the home as exempt under § 522(d)(5). On July 13, 1993,

---

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(B).

2. The court adopts the Stipulations of Fact filed October 6, 1993 and recites from the stipulations and the case file only such facts as are necessary to a decision in this matter.

3. The court understands that the Debtors are not related to Bruce Magness, their attorney of record.

4. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

the trustee filed an objection to the claim of exemptions.[5]

## STATUTES AND RULES

### § 541. Property of the estate.

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case. . . .

(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

. . . .

(C) as a beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

(7) Any interest in property that the estate acquires after the commencement of the case.

### § 522. Exemptions.

(a) In this section—

. . . .

(2) "value" means fair market value as of the date of the filing of the petition or, with respect to property that becomes property of the estate after such date, as of the date such property becomes property of the estate.

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. . . . Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2) (A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place.

### Rule 1007. Lists, Schedules, and Statements; Time Limits.

. . . .

**(b) Schedules and Statements Required.**

---

**5.** In their brief, the Debtors contest the generalized nature of the Trustee's objection asserting that it did not give them adequate notice of the basis of the objection. They are correct, but the objection did specify the property to which objection was being made. In his argument and in his brief the Trustee gave the specific basis for his objection. The Debtors had time to respond in their brief. Had they contested the wording of the objection earlier, the Trustee could have amended. Consequently, the inadequacy of the original objection is not a sufficient basis upon which to deny the objection. The Trustee also objected to the Debtors' claim of Mr. Magness' retirement plan at Energas "until and unless it is shown this to be necessary for the support of the Debtors and any Dependent of the Debtor and a properly qualified plan." The Trustee did not mention the pension plan either in his argument or in his brief. The court presumes his questions were satisfied. In any event, that objection has been waived.

(1) Except in a chapter 9 municipality case, the debtor, unless the court orders otherwise, shall file schedules of assets and liabilities, a schedule of current income and expenditures, a schedule of executory contracts and unexpired leases, and a statement of financial affairs, prepared as prescribed by the appropriate Official Forms.

The Official Forms for schedules of assets call for three schedules: Schedule A of Real Property, Schedule B of Personal Property, and Schedule C of Property Claimed as Exempt.

**Rule 1009. Amendments of Voluntary Petitions, Lists, Schedules and Statements.**

**(a) General Right to Amend.** A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed.

## POSITIONS OF THE PARTIES

The Trustee asserted that exemptions are determined as of the date the petition is filed. Therefore, he concluded that the Debtors could not claim as exempt, property which they acquired during the case, even though that property became property of the bankruptcy estate. He pointed to cases in which one spouse died during the pendency of the case, in which the courts allowed the surviving spouse to claim the exemptions as of the date the petition was filed, when both spouses were alive.

The Debtors pointed to FED.R.BANKR.P. 1009 which allows them to amend their schedules at any time. Thus, they conclude they should be able to claim the property inherited postpetition as exempt.

### DISCUSSION

#### Cases on Point

Courts which considered this issue focused on the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Under § 522(b) a debtor may exempt certain property "from property of the estate." There is no requirement that the debtor own the property at the time the case is filed, nor

does the statute limit the exemption to the property described in a particular subsection of § 541(a). In defining property of the estate, § 541(a)(1) and (2) describe property that the debtor owns at the time the petition is filed, but sections (3) through (7) describe property which becomes property of the estate after the petition is filed.

Dealing with property which became property of the estate under § 541(a)(7), the Eleventh Circuit reversed the bankruptcy and district courts and held that the debtor could exempt such property. *In re Wilson,* 694 F.2d 236 (11th Cir.1982). The court said: "The property of the estate, including property added to the estate after commencement of the proceeding under subsections 541(a)(3) through (a)(7), is 'property of the estate' and can be claimed by the debtor as exempt under section 522(b)." *Id.* at 238. The Eleventh Circuit's reasoning with respect to § 541(a)(7) applies equally as well to § 541(a)(5).

Dealing with a related problem, Bankruptcy Judge Ralph Kelley stated: "The argument is that exemption rights in after-acquired interests must depend on the facts when they were acquired—after filing. In other words, the debtor cannot exempt property of the estate until it becomes property of the estate. The argument has merit and is supported by the statute." *In re Sivley,* 14 B.R. 905, 910 (Bankr.E.D.Tenn.1981). In *dictum* he stated that inherited property could be claimed as exempt. *Id.* This court has cited both *Wilson* and *Sivley* with approval. *See In re Brown,* 78 B.R. 486, 487 (Bankr.N.D.Tex.1987).

In considering a personal property exemption Bankruptcy Judge George C. Paine, II stated: "This court finds that the value of exempt property must be determined upon the filing date or the date such property becomes property of the estate." *In re Crowell,* 53 B.R. 555, 558 (Bankr.M.D.Tenn.1985) (citations omitted).

Without focusing on the issue, a United States District Court sitting in the State of New York stated that in order to claim the inherited property as her exempt homestead, the debtor must have owned the property at

the date the petition was filed. *Connelly v. Roach,* 79 B.R. 159 (W.D.N.Y.1987). However, the court found that the interest the debtor inherited postpetition related back to the filing of the petition and, thus, could be claimed as exempt.

### *Trustee's Position*

The Trustee looked at the provisions of § 522(b)(2)(A) which allow the debtor to claim as exempt "any property that is exempt under Federal Law ... or State or local law that is applicable *on the date of the filing of the petition* at the place which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition...." (emphasis added). From this reading he concluded that in order to claim property as exempt, a debtor must own the property, or have a claim to it, on the date he filed the petition.

The Trustee cited *In re Magnus,* 84 B.R. 976 (Bankr.E.D.Pa.1988) in which the debtor-wife died postpetition. The debtor-husband's pension plan terminated prepetition but the distribution was postpetition. When the surviving spouse sought an exemption under § 522(d)(5) for both himself and his wife even though his wife was deceased, the court allowed an exemption for both, saying:

> The trustee in the instant case has presented us with no evidence regarding the nature, structure or content of the plan which would suggest to us that debtor-wife did not have an exemptible interest as of the date on which this petition was filed.

*Id.* at 978.

*In re Friedman,* 38 B.R. 275 (Bankr. E.D.Pa.1984) dealt with a tenancy by the entireties under Pennsylvania law. When they filed bankruptcy, the couple claimed as exempt their homestead, which was held in tenancy by the entireties. The debtor-husband died and a creditor objected to the widow claiming her husband's interest in the property as exempt. The court said: "It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition." *Id.* at 276. The court noted that FED.R.BANKR.P. 1016 provides that in the event of the death of a debtor "the case [shall be] concluded in the same manner, so far as possible, as though the death ... had not occurred." The court allowed the exemption for both husband and wife.

The Trustee also directed the court's attention to cases which hold that exemptions are determined by the law in effect on the date the petition is filed, not the date a Chapter 13 case is converted to Chapter 7. *See e.g., Marcus v. Zeman (In re Marcus),* 1 F.3d 1050 (10th Cir.1993). The Eighth Circuit held that debtors could change the property claimed as exempt upon conversion to Chapter 7. *Armstrong v. Lindberg (In re Lindberg),* 735 F.2d. 1087 (8th Cir.), *cert. denied,* 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984). When they filed Chapter 13, the debtors owned a house in town, which they claimed as exempt, and a farm. When the case converted to Chapter 7, they moved to the farm and claimed it as exempt instead of the house in town. The court upheld the change in exemptions. *Id.*

### CONCLUSIONS

The cases the Trustee cited do not deal with the issue at hand. They deal with the law under which exemptions are claimed. It is true, as the Trustee asserted, that under § 522(b)(2)(A) the state law in force on the petition date determines the property these debtors may exempt. However, the Trustee's reliance on this section is misplaced for two reasons. First, the Debtors do not seek to take advantage of a change in the law—they are claiming the exemption under the law as it existed on the petition date—but, rather, they seek to exempt property which became property of the estate postpetition. Second, the Debtors claimed their exemptions under § 522(b)(1), so § 522(b)(2)(A) is inapplicable in this case.

Under § 522(b), a debtor may select exempt property from "property of the estate." Under § 541, "property of the estate" includes property inherited within 180 days

after the petition is filed. The Trustee's objection must be denied.

**ORDER ACCORDINGLY.**[6]

---

6. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 which is made applicable to Contested Matters by Bankruptcy Rule 9014. This Memorandum will be published.