## In re Richard NOTARGIACOMO and Lamarre Notargiacomo, Debtors.

### No. 99–28643–BKC–RBR.

United States Bankruptcy Court, S.D. Florida, Broward Division.

Sept. 8, 2000.

Robert L. Sader, Sader & LeMaire, P.A., Fort Lauderdale, FL, for debtors.

John A. Moffa, Plantation, FL, for trustee.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS

RAYMOND B. RAY, Bankruptcy Judge.

This matter came before the Court for hearing on August 3, 2000 upon the Trustee's Objection to Claimed Exemptions. The Court, having reviewed the Objection and court file, having considered the arguments of counsel, and being otherwise duly advised in the premises, finds as follows.

### *Findings of Fact*

The facts are undisputed and are summarized as follows. This is a consumer-debt Chapter 7 case originally filed on December 30, 1999. The Debtors obtained their discharge on April 20, 2000.

On March 17, 2000, the Debtor–Husband's mother, Natalie M. Notargiacomo, died testate in Newburyport, Massachusetts. Debtor–Husband subsequently learned that he was entitled to an inheritance and death benefits. The property interests and the approximate share to which the Debtor–Husband is entitled are described as follows:

| PROPERTY INTEREST | APPROXIMATE SHARE |
|---|---|
| Proceeds of John Hancock Life Insurance Policy # VL000819821 | $ 7,180.81 |
| Proceeds of John Hancock Life Insurance Policy # MDO008620419 | $ 195.05 |
| Proceeds of John Hancock Annuity # VP2015366 | $11,708.18 |
| Proceeds of John Hancock Annuity # VP2016717 | $11,372.58 |
| Proceeds of Aim Fund IRA Account # 3910140031 | $ 471.56 |
| Proceeds of Newburyport Bank Account # 5883770 | $ 4.00 |
| Real estate located at 23 Moseley Avenue, Newburyport, Massachusetts | $30,000.00 |
| 1996 Dodge Shadow Automobile | $ 200.00 |

The timing of Debtor–Husband's entitlement to these property interests is such that they fall under 11 U.S.C. § 541(a)(5)(A) and (C) which provide that the estate is comprised of:

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance; or

(C) as a beneficiary of a life insurance policy or of a death benefit plan.

On June 13, 2000, Debtor–Husband's counsel mailed the Trustee a letter informing him of these after-acquired property interests and enclosed copies of Debtors' Amendments to Schedule B (Personal Property) and C (Property Claimed Exempt). Debtor–Husband claimed entitlement to exemption in three of the newly-acquired property interests: the two annuities ($11,708.18 and $11,372.58 respectively) under Florida Statute § 222.14; and the IRA Account ($471.56) under Florida Statute § 222.21(2). Debtor–Husband did not claim entitlement to an exemption in any of the other property interests, the approximate value of which totals over $37,000.00.

The Trustee does not dispute that Florida Statue § 222.14 permits the beneficiary of an annuity to claim the proceeds as exempt, nor that § 222.21(2) allows a beneficiary to claim the proceeds of an IRA as exempt. Rather, it is the Trustee's position that, as of the date of the filing, the Debtor had nothing more than an equitable interest in the annuities and IRA, neither of which has an exemption under Florida law. The Trustee finds support for this argument in § 522(b)(2)(A) which provides that the Debtor is entitled to claim as exempt "any property that is exempt under Federal law ... or State or local law *that is applicable on the date of the filing of the petition....* " (emphasis added). The Trustee reads this section to require the valuation of a debtor's exemptions as of the petition date.

In response, the Debtor refers the Court to Rule 1007(h) of the Federal Rules of Bankruptcy Procedure which obligates debtors to disclose after-acquired property described in § 541(a)(5) and provides that "[i]f any of the property required to be

reported under this subdivision is claimed by the debtor as exempt, the debtor shall claim the exemptions in the supplemental schedule." The Debtor–Husband argues that this provision precludes the notion that a debtor may not claim exemptions in post-petition property interests described in Section 541(a)(5).

### Discussion

The argument raised by the Trustee is the same as the argument raised by a Chapter 7 trustee in the case of *In re Magness*, 160 B.R. 294 (Bankr.N.D.Tex. 1993). In that case, the debtor-husband's mother died within 180 days of the filing date, and the debtors inherited a one-fourth share of the sale of the decedent's home. The debtors amended their schedules to claim a portion of the inheritance as exempt, and the trustee filed an objection.

As in this case, the trustee argued that exemptions must be determined as of the date the petition is filed. Therefore, he concluded that the debtors were not entitled to claim the after-acquired property as exempt, even though the property became property of the bankruptcy estate. Relying on § 522(b)(2)(A) cited above, the trustee "concluded that in order to claim property as exempt, a debtor must own the property, or have a claim to it, on the date he filed the petition." *Id.* at 298.

In rejecting the trustee's position, the Bankruptcy Court looked to the Eleventh Circuit's opinion in *In re Wilson*, 694 F.2d 236, 238 (11th Cir.1982), wherein the court said:

> The property of the estate, including property added to the estate after commencement of the proceeding under subsections 541(a)(3) through (a)(7), is 'property of the estate' and can be claimed by the debtor as exempt under section 522(b). Section 522(b) enables the debtor to claim exemptions from

'property of the estate,' and section 522(b) itself includes no time limitation which would bar the debtor from claiming as exempt any property which became property of the estate after commencement of the suit.

The Bankruptcy Court in *Magness* found the reasoning of the Eleventh Circuit with respect to § 541(a)(7) to be equally applicable to § 541(a)(5). In addition, the Bankruptcy Court found the trustee's reliance on § 522(b)(2)(A) to be misplaced because the debtors were not seeking to take advantage of a change in the law. As in this case, the debtors were claiming the exemption under the law as it existed on the petition date.[1]

Having reviewed the cases cited above, in addition to the cases cited by the Trustee, the Court rejects the Trustee's position. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Trustee's Objection to Exemptions is OVERRULED. The exemptions claimed by Debtor Richard Notargiacomo in the following property interests are ALLOWED:

a. Proceeds of John Hancock Annuity Contract # VP2015266 having a approximate value to Debtor of $11,708.18;

b. Proceeds of John Hancock Annuity Contract # VP2016717 having an approximate value to Debtor of $11,372.58; and

c. Proceeds of Aim Fund IRA Account # 3910140031 having an approximate value to debtor of $471.56.

---

1. The Court also determined that § 522(b)(2)(A) was inapplicable because the debtors claimed their exemptions under § 522(b)(1).