# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 18-6018

_____

In re: Brian A. Lerbakken

*Debtor.*

------------------------------

Brian A. Lerbakken

*Debtor – Appellant,*

v.

Sieloff and Associates, P.A.

*Interested Party - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Duluth

_____

Submitted:  September 21, 2018
Filed:  October 16, 2018

_____

Before SCHERMER, NAIL and SHODEEN, Bankruptcy Judges.

_____

SHODEEN, Bankruptcy Judge,

The Debtor, Brian Lerbakken, appeals the bankruptcy court's[1] Order dated May 29, 2018 disallowing his claimed exemptions in a Wells Fargo 401K and an IRA account.

## BACKGROUND

In September 2014 Lerbakken retained Sieloff & Associates, P. A. (Sieloff) to represent him in his divorce proceeding in Lake County, Minnesota. The state court's order dissolving the marriage adopted the parties' stipulated property settlement which awarded Lerbakken one-half of the value in his ex-wife's Wells Fargo 401K and an entire IRA account (Accounts). The order directed counsel to submit a Qualified Domestic Relations Order related to these assets. Based upon the available record, the briefing and representations of counsel this was not accomplished and Lerbakken has undertaken no other action to obtain title or possession of the accounts.

Lerbakken filed a voluntary Chapter 7 petition on January 23, 2018. His Schedule C claimed the Accounts as exempt retirement funds for the values agreed to under the property settlement. Sieloff was listed as a creditor for its unpaid fees. It objected to Lebarkken's claim of exemption in the Accounts. The bankruptcy court disallowed the exemption on the basis that the Accounts were not retirement funds as defined by *Clark v. Rameker*, 134 S. Ct. 2242 (2014). This appeal followed.

---

[1] The Honorable Robert J. Kressel, Judge, United States Bankruptcy Court for the District of Minnesota.

## STANDARD OF REVIEW

Whether Lerbakken is entitled to claim of an exemption in the Accounts presents a question of law which is subject to *de novo* review. *Rucker v. Belew (In re Belew)*, 588 B.R, 875, 876 (B.A.P. 8th Cir. 2018).

## DISCUSSION

As permitted, Lerbakken elected to use federal law in support of his claim of exemption in the identified Accounts. Whether a claim of exemption is proper begins with the relevant statutory authority which states: "Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." 11 U.S.C. §522(d)(12)(2018).[2] Lerbakken contends that his interest in the Accounts satisfies this statutory definition because the proceeds are not taxable to his ex-wife and this status inures to his benefit.

The parties supply extensive arguments related to the potential tax consequences, penalties and ERISA provisions applicable to the Accounts. Standing alone, these issues are not dispositive of their exempt status. 11 U.S.C. §522(d)(12) contains two requirements: (1) that the amount must be retirement funds; and (2) that the retirement funds must be in an account that is exempt from taxation under one of the provisions of the Internal Revenue Code set forth therein. *Rice v. Allard (In re Rice)*, 478 B.R. 275, 280 (E.D. Mich. 2012). In order for the Accounts to be exempt both of these elements must be established.

---

[2] The Debtor identifies 11 U.S.C. §522(b)(3)(C) in support of the exemptions. That provision contains language identical to 11 U.S.C. §522(d)(12) but does not actually grant the exemption.

In *Clark v. Rameker,* 134 S. Ct. 2242 (2014) the Supreme Court considered whether an inherited IRA qualified as a retirement fund for purposes of exemption under federal law. The Court's unanimous ruling first addressed the definition of retirement funds.

> The Bankruptcy Code does not define "retirement funds," so we give the term its ordinary meaning. The ordinary meaning of "fund[s]" is "sum[s] of money . . . set aside for a specific purpose." And "retirement" means "[w]ithdrawal from one's occupation, business, or office." Section 522(b)(3)(C)'s reference to "retirement funds" is therefore properly understood to mean sums of money set aside for the day an individual stops working.

*Id*. at 2246. The opinion clearly suggests that the exemption is limited to individuals who create and contribute funds into the retirement account. Retirement funds obtained or received by any other means do not meet this definition.

In an attempt to meet the standard enunciated in *Clark,* Lerbakken asserts the 401K and IRA represent marital property that his ex-wife saved for their joint retirement. He further states that he intends to use the proceeds of the Accounts for support upon his retirement. Courts are not required to address these subjective considerations in determining the exemption issue.

> To determine whether funds in an account qualify as "retirement funds," courts should not engage in a case-by-case, fact-intensive examination into whether the debtor actually planned to use the funds for retirement purposes as opposed to current consumption. Instead, [Courts should] look to the legal characteristics of the account in which the funds are held, asking whether, as an *objective matter*, the account is one set aside for the day when an individual stops working.

*Id.* (emphasis added).

We recognize that Lerbakken's interest in the 401K and IRA did not arise in the identical manner as the IRA account addressed in *Clark.* This distinction is not material to our *de novo* review. Any interest he holds in the Accounts resulted from nothing more than a property settlement. Applying the reasoning of *Clark* the 401K and IRA accounts are not retirement funds which qualify as exempt under federal law.

The bankruptcy court's Order is AFFIRMED.

_____