# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3415

_____

In re: Brian A. Lerbakken

*Debtor*

------------------------------

Brian A. Lerbakken

*Appellant*

v.

Sieloff and Associates, P.A.

*Appellee*

------------------------------

National Consumer Bankruptcy Rights Center; National Association of Consumer
Bankruptcy Attorneys

*Amici on Behalf of Appellant(s)*

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: November 14, 2019
Filed: February 7, 2020
_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.

A state court awarded Brian A. Lerbakken part of his ex-wife's Individual Retirement Account and her 401(k) in a dissolution decree. Lerbakken filed for bankruptcy, claiming that his interests in the IRA and 401(k) are exempt as "retirement funds." Sieloff & Associates, P.A., a creditor, objected to the exemptions. The bankruptcy court disallowed them, ruling that Lerbakken's interests in the IRA and 401(k) are not retirement funds. *In re Lerbakken*, Order, BKY 18-50037 (Bankr. D. Minn. May 15, 2018). Lerbakken appealed to the Bankruptcy Appellate Panel, which affirmed. *Lerbakken v. Sieloff & Assoc., P.A. (In re Lerbakken)*, 590 B.R. 895, 897-98 (B.A.P. 8th Cir. 2018). Lerbakken appeals the BAP's judgment. Having jurisdiction under 28 U.S.C. § 158(d)(1), this court affirms.

I.

Sieloff represented Lerbakken in his dissolution in Minnesota. The court's decree awarded Lerbakken all of his ex-wife's IRA and half of her 401(k). The court ordered Lerbakken to submit a Qualified Domestic Relations Order (QDRO). Lerbakken refused, which leaves him with only a domestic relations order.

Two months after the decree, the court ordered an attorney's lien against Lerbakken for Sieloff's legal services. The court expressly permitted Sieloff to recover the unpaid fees from Lerbakken's interests in his ex-wife's IRA and 401(k). The unpaid fees exceed the total of Lerbakken's interests.

-2-

Six months after the decree, Lerbakken filed for bankruptcy under Chapter 7, claiming that his interests in the IRA and 401(k) are exempt from the bankruptcy estate as "retirement funds" under 11 U.S.C. § 522(b)(3)(C). Sieloff, a scheduled creditor, objected to the exemptions.

The bankruptcy court[1] disallowed the exemptions. It ruled that Lerbakken's interests in his ex-wife's IRA and 401(k) are not "retirement funds." The Bankruptcy Appellate Panel (BAP) affirmed.[2] It ruled, relying on *Clark v. Rameker*, 573 U.S. 122, 130 (2014), that section 522(b)(3)(C) applied only to the person who created and contributed to the retirement account.

On appeal, this court again reviews the bankruptcy court's decision, independently applying the same standard as the BAP. *See Treadwell v. Glenstone Lodge, Inc. (In re Treadwell)*, 637 F.3d 855, 863 (8th Cir. 2011). This court reviews the bankruptcy court's findings of fact for clear error, and its conclusions of law de novo. *Id.*

II.

When a debtor files for bankruptcy, all of his or her property becomes property of a bankruptcy estate. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992). *See also* **11 U.S.C. § 541** (describing the formation of a bankruptcy estate). A debtor may prevent the distribution of property claimed as exempt. *Taylor*, 503 U.S. at 642. One exemption is "retirement funds to the extent those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the

[1]The Honorable Robert J. Kressel, Judge, United States Bankruptcy Court for the District of Minnesota.

[2]The Honorable Anita L. Shodeen, Bankruptcy Judge, United States Bankruptcy Appellate Panel for the Eighth Circuit, writing for a unanimous panel.

Internal Revenue Code." **11 U.S.C. § 522(b)(3)(C)**. This exemption "requires that funds satisfy not one but two provisions to be exempt: the funds must be 'retirement funds,' and they must be held in a covered account." *Clark*, 573 U.S. at 131.

The first issue is whether Lerbakken's interests in the IRA and 401(k) are "retirement funds" and thus eligible for exemption under 11 U.S.C. § 522(b)(3)(C) when the accounts were created and maintained by his ex-wife and Lerbakken's interests resulted from a divorce decree.

In *Clark*, the Court defined "retirement funds" as "sums of money set aside for the day an individual stops working." *Clark*, 573 U.S. at 127. The Court focused on three significant legal characteristics of ordinary retirement funds. *Id.* at 125. Account holders of ordinary retirement funds (1) are able to make additional contributions to the funds, (2) are not obligated to withdraw the funds, and (3) must pay a penalty to withdraw the funds at any time, for any purpose, prior to the age of 59 ½. *Id.* at 128. Ultimately, "retirement funds" are "funds objectively set aside for one's retirement," not "a pot of money that can be freely used for current consumption." *Id.* at 128-29.

### III.

As for the IRA, Lerbakken's most cogent argument is that the Internal Revenue Code says that an IRA transferred incident to divorce is "treated as an individual retirement account of such [recipient] spouse, and not of such [donor] individual." **26 U.S.C. § 408(d)(6)**. Lerbakken then reasons that an IRA transferred incident to divorce necessarily satisfies the legal characteristics of an ordinary IRA. *See Clark,* 573 U.S. at 127.

Unfortunately for Lerbakken, these tax provisions do not make his IRA interest "retirement funds" under the Bankruptcy Code. The date of filing, January 23, 2018,

determines the property of the bankruptcy estate.  *See* **11 U.S.C. §§ 522(b)(3)(A), 541**.  "A debtor's exemptions are determined as of the time of the filing of his [bankruptcy] petition."  *In re Peterson*, 897 F.2d 935, 937 (8th Cir. 1990).  Exemptions are "not of property which would or might be exempt if some condition not performed were performed, but of property to which there is... a present right of exemption" on the date when the petition is filed.  *Myers v. Manley*, 318 U.S. 622, 626 (1943).

When Lerbakken filed for bankruptcy on January 23, 2018, his interest in his ex-wife's IRA was subject to a condition not performed—it had not been renamed, or transferred into an account under his name.  *See* **I.R.S. Pub. No. 590-A**, Cat. No. 66302J at 28 (Dec. 21, 2018) (https://www.irs.gov/pub/irs-pdf/p590a.pdf) (describing the "two commonly used methods of transferring IRA assets to a ... former spouse").

The issue then is whether Lerbakken's conditional interest in his ex-wife's IRA has the legal characteristics of ordinary retirement funds.  As for the first characteristic, Lerbakken could make additional contributions, on January 23, 2018, to his ex-wife's IRA.  *See* **I.R.S. Pub. No. 504**, Cat. No. 15006I at 18-19 (Feb. 5, 2019) (https://www.irs.gov/pub/irs-pdf/p504.pdf).

Second, state law obligates Lerbakken to withdraw his conditional interest in the IRA.  Lerbakken's interest is defined by state law.  *See Butner v. United States*, 440 U.S. 48, 55 (1979) (holding that, absent a contrary federal interest, "[p]roperty interests are created and defined by state law"). The governing state law—the dissolution decree and the court-ordered attorney's lien—define Lerbakken's interest as a debt owed to Sieloff. By the decree and lien, Lerbakken is supposed to effectuate a transfer or renaming of his ex-wife's IRA to pay a debt "regardless of [his] proximity to retirement."  *See Clark,* 573 U.S. at 128.  The purpose of the second characteristic is to preserve the account for retirement.  *Id.*  Because the dissolution of Lerbakken's ex-wife's IRA is obligatory, his interest does not satisfy the second characteristic.

Third, no transfer of the IRA had occurred by January 23, 2018, so Lerbakken was free from the rules that encourage leaving the funds untouched until retirement age. *See* **26 U.S.C. §§ 408(d)(6)**, **72(t)(1)**, **(2)(C)**, **(3)(A)**. *See also* ***Clark***, 573 U.S. at 128-29. Lerbakken's IRA interest was not subject to the rules for ordinary IRAs *transferred* incident to divorce because it had not been transferred. *See* **26 U.S.C. § 408(d)(6)**. Lerbakken's IRA interest is not "treated as an individual retirement account" belonging to him. *See* ***id.*** Rather, Lerbakken's interest in the IRA was a sum of money in his ex-wife's IRA, not an account "set aside for the day when an individual stops working." ***Clark***, 573 U.S. at 127.

Lerbakken's interest in his ex-wife's IRA lacks most of the legal characteristics of ordinary "retirement funds," and is not exempted as "retirement funds" under section 522(b)(3)(C).[3]

IV.

As for the 401(k),[4] Lerbakken did not have a QDRO on January 23, 2018. He cannot access his interest in the account without a QDRO. *See* **29 U.S.C. § 1056(d)(1)**, **(3)(A)**. *See also* **26 U.S.C. §§ 72(t)(2)(C)**, **414(p)(1)(A)**, **401(a)(13)(A)-(B)**. "The QDRO provisions of ERISA do not suggest that an alternate payee [what Lerbakken would be] has no interest in the plans until [he] obtains a QDRO, they merely prevent [him] from enforcing [his] interest until the QDRO is obtained." *See*

---

[3]Because Lerbakken's conditional interest in the IRA is not "retirement funds," this court need not address the "covered account" requirement. *See* ***Clark***, 573 U.S. at 131. *See also* **11 U.S.C. § 522(b)(3)(C)**.

[4]Although Lerbakken's interest in the 401(k) may be an ERISA-qualified plan and thus excluded from his bankruptcy estate by the anti-alienation language of 29 U.S.C. § 1056(d)(1), Lerbakken has waived this issue, as he expressly says. *See* ***Patterson v. Shumate***, 504 U.S. 753, 760 (1992) (holding that ERISA's anti-alienation provision "constitutes an enforceable transfer restriction for purposes of 11 U.S.C. § 541(c)(2)'s exclusion of property from the bankruptcy estate").

*Nelson v. Ramette*, 322 F.3d 541, 544 (8th Cir. 2003). In the absence of a QDRO, state law determines Lerbakken's property interest in the 401(k) on January 23, 2018. *See Butner*, 440 U.S. at 55. The governing state law—the dissolution decree and the court-ordered attorney's lien—define Lerbakken's interest in his ex-wife's 401(k) as a debt owed to Sieloff.

By *Clark*'s framework, Lerbakken's 401(k) interest is not a "retirement fund." As for the first legal characteristic of ordinary retirement funds, Lerbakken could not make additional contributions to his ex-wife's 401(k) on January 23, 2018, because contributions must be made by the employer or employee, not an ex-spouse. *See* **26 U.S.C. §§ 401(a)(1), (13)(A)-(B)**. Second, Lerbakken is obligated by state law to withdraw the funds to pay Sieloff for legal services, not to use the funds for retirement. Third, without a QDRO, Lerbakken could not make a withdrawal on January 23, 2018. *See* **29 U.S.C. § 1056(d)(1), (3)(A)**. *See also* **26 U.S.C. §§ 72(t)(2)(C), 414(p)(1)(A)**. *See also Nelson*, 322 F.3d at 544.

Lerbakken's conditional interest in the 401(k) lacks the legal characteristics of ordinary "retirement funds," and is not exempted as "retirement funds" under section 522(b)(3)(C).[5]

V.

Lerbakken advances four broad arguments. First, he says that the BAP and the bankruptcy court misapplied *Clark* by limiting the "retirement funds" exemption "to individuals who create and contribute funds into the retirement account." ***In re Lerbakken***, 590 B.R. at 897 (discussing the ordinary usage of retirement funds as excluding funds set aside for retirement by a different person). As *Clark* says, the key

---

[5]Because Lerbakken's conditional interest in the 401(k) is not "retirement funds," this court need not address the "covered account" requirement. *See Clark*, 573 U.S. at 131. *See also* **11 U.S.C. § 522(b)(3)(C)**.

features of "retirement funds" are the objective legal characteristics. ***Clark***, 573 U.S. at 125, 128-29. As discussed, Lerbakken's interests in the IRA and 401(k) do not have the necessary legal characteristics.

Second, Lerbakken argues that the similar tax treatment of transferred and surviving-spouse IRAs necessitates treating accounts transferred incident to divorce the same as accounts inherited by surviving spouses. **26 U.S.C. §§ 408(d)(3)(C)(ii), (d)(6)**. However, the Court suggests that even a surviving spouse—which Lerbakken is not—does not have "retirement funds" when the surviving spouse does not roll over the IRA into his own IRA. *See **Clark***, 573 U.S. at 125. Lerbakken failed to roll over the funds from his ex-wife's accounts into his own accounts by January 23, 2018, when exemptions are determined. **11 U.S.C. §§ 522(b)(2)(A), 541**.

Third, Lerbakken asserts that the funds in his ex-wife's IRA and 401(k) were intended to support both spouses in retirement. However, *Clark* explicitly prohibits a "case-by-case, fact-intensive" examination of subjective purpose—which forbids examining Lerbakken's (or his ex-wife's) intent. ***Clark***, 573 U.S. at 127. *See also **id**.* at 133 ("the possibility" that debtors may use funds for "retirement purposes" does not mean an IRA meets the "defining legal characteristics of retirement funds").

Finally, Lerbakken advances other policy reasons for his exemptions. To the contrary, the exemption provisions of the Bankruptcy Code "effectuate a careful balance between the interests of creditors and debtors." ***Clark***, 573 U.S. at 129. Indeed, permitting debtors to enjoy cash windfalls through exemption "would convert the Bankruptcy Code's purposes of preserving debtors' ability to meet their basic needs and ensuring they have a 'fresh start' into a 'free pass.'" ***Id.*** at 130 (citations omitted). In Lerbakken's words, "It was [his] strategy to use the determination in the bankruptcy that the accounts were exempt to prevent [Sieloff] from enforcing its lien against the accounts after the bankruptcy case in state court."

Because Lerbakken's interests in his ex-wife's IRA and 401(k) are not "retirement funds" under 11 U.S.C. § 522(b)(3)(C), the bankruptcy court and the BAP correctly disallowed the exemptions from the bankruptcy estate.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____