# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 24-6010

_____

In re: SCOTT WARREN JENCKS AND
LINDA LEE JENCKS,

Debtors.

------------------------------

SCOTT WARREN JENCKS AND LINDA LEE JENCKS,

*Appellants*

v.

AGVANTAGE FS, a division of GROWMARK, INC.,

*Appellee*

_____

Appeal from United States Bankruptcy Court
for the Northern District of Iowa - Waterloo

_____

Submitted: June 13, 2025
Filed: August 12, 2025

_____

Before HASTINGS, Chief Judge, SURRATT-STATES AND CONSTANTINE,
Bankruptcy Judges.

_____

HASTINGS, Chief Judge.

Debtors/Appellants Scott Warren Jencks and Linda Lee Jencks appeal the bankruptcy court's order denying their motion to avoid a judicial lien and dismissing the adversary complaint they filed. For the following reasons, we reverse and remand for further proceedings.

## BACKGROUND

On July 2, 2021, twelve days before Debtors filed their bankruptcy petition, sellers/grantors of real property located at 344 South Sheakley Avenue, New Hampton, Iowa (New Hampton Property), signed a warranty deed transferring this property to Debtors for $195,000.00.

Debtors petitioned for bankruptcy relief on July 14, 2021. On page 2 of their petition, they listed 28277 Usher Road, Waucoma, Iowa, (Waucoma Property) as their residence. On Schedule A, Debtors listed the Waucoma Property and valued it at $250,000.

Debtors also listed the Waucoma Property on Schedule C, claiming it fully exempt. Specifically, Debtors claimed the Waucoma Property exempt under Iowa Code § 561.2 (providing that homestead property not within a city plat may not contain more than 40 acres), § 561.16 ("The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary.") and § 499A.18 ("Each individual apartment constitutes a homestead and is exempt from execution, provided the member otherwise qualifies within the laws of the state of Iowa for such exemption."). Three contiguous parcels comprised the Waucoma Property: Parcel B, the homestead house; Parcel E, property adjoining the homestead house that contained a hog confinement; and Parcel A, a 22.581 acre adjoining vacant lot. Together, the size of these contiguous parcels totals just under 30 acres, within the exemption limits permitted under Iowa law. *See* Iowa Code §§ 561.1, 561.2. No one filed an objection to Debtors' homestead exemption.

On Schedule F, Debtors listed a nonpriority unsecured debt in the sum of $598,077.00 owed to Appellee AgVantage FS, a division of GROWMARK, Inc. In September 2020, AgVantage obtained a $830,910.47 judgment against Debtors. Several months before Debtors petitioned for bankruptcy relief, AgVantage liquidated collateral, reducing the balance of the debt to the sum listed in Schedule F.

Debtors did not list their interest in New Hampton Property in their schedules and statements.

The Bankruptcy Trustee conducted the Section 341 Meeting of Creditors on August 23, 2021, and abandoned Debtors' property.

The next day, Debtors signed a Declaration of Homestead, listing Waucoma Property Parcels B and E. They did not include the vacant lot, Parcel A, in the Declaration of Homestead. They filed the Declaration of Homestead with the Fayette County, Iowa, Recorder on August 30, 2021. Debtors served the Declaration of Homestead on AgVantage on August 26, 2021, prepared a Declaration of Homestead Re: Proof of Service on September 27, 2021, and filed it with the Fayette County, Iowa, Recorder on September 29, 2021. The Proof of Service also listed Parcels B and E, but not Parcel A.

The Chickasaw County Recorder filed the warranty deed conveying the New Hampton Property to Debtors on October 15, 2021. On or about October 20, 2021, Debtors sold the homestead house and adjoining hog confinement (Waucoma Property, Parcels B and E), and signed the warranty deed transferring this property. The warranty deed was recorded on October 29, 2021. Debtors retained their interest in the 22.581-acre vacant lot (Waucoma Property, Parcel A).

Debtors received their discharge on November 3, 2021. The bankruptcy court closed the case the same day.

In February 2023, AgVantage filed a Praecipe and Request for Execution in state court, seeking to execute against and liquidate the vacant lot, Waucoma Property, Parcel A. Debtors applied for a stay of the sheriff's sale. The state court granted the stay, but later vacated its order because Debtors failed to properly support their injunction request. The Fayette County Sheriff conducted a sale of the vacant lot on May 23, 2023. AgVantage obtained the property by offering a $500,000 credit bid.

After AgVantage initiated its collection action but before the sale, Debtors sought to reopen their bankruptcy case to file a motion to avoid AgVantage's judicial lien. The Court reopened the case on March 7, 2023, and Debtors filed their Motion to Avoid Judicial Lien on March 15, 2023. Debtors claimed that AgVantage's judicial lien against the Waucoma Property, Parcel A, impaired their exemption and sought an order avoiding it under 11 U.S.C. § 522(f). AgVantage objected to the motion.

The bankruptcy court held a telephonic hearing on Debtors' Motion to Avoid Judicial Lien on April 19, 2023, and took the matter under advisement.

Debtors filed a Motion to Determine Discharge of Debt on April 26, 2023, arguing that AgVantage's lien did not attach to the Waucoma Property under Iowa Code § 624.23 and the debt Debtors owed to AgVantage was discharged. Debtors asked the bankruptcy court to order AgVantage to cease its attempt to execute and sell the Waucoma Property Parcel A and to find that Debtors may sell this property free and clear of AgVantage's lien. AgVantage objected.

The bankruptcy court held a telephonic hearing on June 9, 2023, a few weeks after the Waucoma Property, Parcel A, sale. The bankruptcy court noted that it took Debtors' Motion to Avoid Lien under advisement and found that Debtors' Motion to Determine Discharge of Debt was redundant. It denied the motion.

-4-

In December 2023, Debtors initiated an adversary proceeding against AgVantage, seeking contempt sanctions for violating the discharge injunction by selling the Waucoma Property, Parcel A. Adv. Pro. 23-9049. AgVantage filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6), asserting that the bankruptcy court lacked jurisdiction and Debtors' complaint failed to state a claim upon which relief may be granted.

The bankruptcy court combined the oral argument on Debtors' Motion to Avoid Judicial Lien in the main case and AgVantage's Motion to Dismiss in the adversary proceeding. After the telephonic hearing on February 16, 2024, the bankruptcy court took both matters under advisement and ruled on them in one opinion and order.[1]

Since the outcome of the lien avoidance issue and Debtors' request for contempt sanctions in the adversary proceeding both depended on the analysis of Debtors' homestead exemption, the bankruptcy court considered this issue first. Highlighting Iowa law regarding the homestead exemption, the bankruptcy court found that Debtors claimed the Waucoma property exempt on the petition date. Although AgVantage did not timely object to the exemption, the bankruptcy court ruled that AgVantage was not barred from raising the exemption issue in the lien avoidance context. In reaching this conclusion, the bankruptcy court highlighted Debtors' failure to disclose the New Hampton Property purchase that "would have led to an objection."

Ruling in favor of AgVantage, the bankruptcy court found that Debtors were not entitled to exempt the Waucoma Property, including Parcel A, because they had already purchased the New Hampton Property. It explained that "Parcel A lost its homestead status when Debtors purchased the New Hampton Property and used it as their homestead. Parcel A was vacant—Debtors were not actually using it as a

_____

[1]Audio recordings of telephonic hearings are not posted on the docket or designated as part of the record, and neither Debtors nor AgVantage filed a transcript of the telephonic hearings.

homestead. Debtors were using the New Hampton Property as their homestead instead. Debtors have offered nothing into the record that indicates any intent to return to Parcel A. . . . Debtors effectively abandoned Parcel A and Parcel A is not exempt homestead." Doc. 42 at 9-10. The bankruptcy court also found that AgVantage's judicial lien attached to Parcel A.

Because it concluded that Debtors did not properly claim their homestead exemption, the bankruptcy court found AgVantage's lien did not impair an exemption under 11 U.S.C. § 522(f). Accordingly, it denied Debtors' motion to avoid AgVantage's judicial lien.

In addressing AgVantage's motion to dismiss the adversary proceeding, the bankruptcy court found it had jurisdiction to decide the case.[2] It ruled that Debtors failed to establish that AgVantage violated the discharge injunction because AgVantage held a valid lien, it enforced its *in rem* rights against property that "was no longer even arguably part of its homestead," and it did not seek to collect discharged debt. Accordingly, it granted AgVantage's motion and dismissed the adversary proceeding.

Less than two weeks later, on September 6, 2024, Debtors filed a Motion to Amend Judgment in the adversary proceeding, arguing AgVantage offered no evidence that the New Hampton Warranty Deed was delivered to Debtors or that Debtors paid for the property before they petitioned for bankruptcy relief. Debtors also claimed AgVantage offered no evidence proving ownership or homestead status of the New Hampton Property. Conversely, Debtors highlighted the two sworn declarations Debtors offered in support of their claim that the Waucoma Property was their homestead: the bankruptcy petition and supporting schedules and their Declaration of Homestead. The bankruptcy court denied the motion.

---

[2]Neither Debtors nor AgVantage seek review of the bankruptcy court's decision to exercise jurisdiction over the adversary proceeding, and we find no basis to conclude that the bankruptcy court lacked subject matter jurisdiction.

-6-

Debtors appealed.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *Ridings v. Casamatta (In re Allen)*, 628 B.R. 641, 642 (B.A.P. 8th Cir. 2021) (citing *Brown v. Luker (In re Zepecki)*, 277 F.3d 1041, 1045 (8th Cir. 2002)).

## DISCUSSION

Debtors appeal the bankruptcy court's order denying their Motion to Avoid Judicial Lien and dismissing the adversary proceeding. They argue that the bankruptcy court erred in finding that they established a new homestead shortly before petitioning for bankruptcy relief. Debtors also maintain the bankruptcy court erred in finding that AgVantage did not violate the discharge injunction.

**A.      The bankruptcy court's factual findings regarding Debtors' homestead are not supported by the record.**

Under section 522 of the Bankruptcy Code, a debtor may exempt certain property from the bankruptcy estate and avoid a lien that impairs his or her exempted property. 11 U.S.C. § 522(b) and (f)(1); *David G. Waltrip, LLC v. Sawyers (In re Sawyers)*, 2 F.4th 1133, 1137 (8th Cir. 2021). "Section 522(f)(1)(a) applies to judicial liens, and it is the debtor's burden to demonstrate that the debtor is entitled to the avoidance of a lien." *In re Sawyers*, 2 F.4th at 1137. "To avoid the fixing of a judicial lien on exempted property, a debtor must (1) establish the creation of an avoidable lien under § 522(f)(1); (2) that affixed to exempted property under § 522(b); and (3) that impaired a debtor's claimed exemption in the property." *Id.*

-7-

On appeal, the parties do not dispute that AgVantage's judgment resulted in a judicial lien. They dispute whether the judicial lien affixed to the exempted Waucoma Property and whether Debtors properly exempted the property.

Debtors' eligibility to exempt homestead property is determined by applying Iowa law[3] to the facts and circumstances as of the date they petitioned for bankruptcy relief. *Lerbakken v. Sieloff & Assocs. (In re Lerbakken)*, 949 F.3d 432, 435-36 (8th Cir. 2020) ("A debtor's exemptions are determined as of the time of the filing of his [bankruptcy] petition." (alteration in original) (quoting *Armstrong v. Peterson (In re Peterson)*, 897 F.2d 935, 937 (8th Cir. 1990))). Courts tasked with analyzing whether a debtor properly claimed the homestead exemption or abandoned it under Iowa law must consider surrounding circumstances, including ownership, residency and intent. *See* Iowa Code § 561.1; *In re Estate of Timm*, No. 12-1212, 2013 WL 3272488, at *3 (Iowa Ct. App. June 26, 2013); *Lpp Mortg., LTD. v. Meurer*, No. 02-2046, 2004 WL 57585, at *2 (Iowa Ct. App. Jan. 14, 2004); *Citizens State Bank v. Ruebel*, No. 10-1028, 2011 WL 3116243, at *9 (Iowa Ct. App. July 27, 2011) (Vogel, J., dissenting); *In re Roberts*, 443 B.R. 531, 540-41 (Bankr. N.D. Iowa 2010); *see also In re Malatek*, No. 03-2281, 2009 WL 3754234, at *2 (Bankr. N.D. Iowa Nov. 9, 2009) ("A homestead is acquired by actual use and occupation of the property as a homestead. The date when a person acquires title to the property is not determinative." (citations omitted)).

The record shows that the bankruptcy court considered Debtors' petition and schedules. The petition shows Debtors lived at the Waucoma Property. Schedule C establishes that Debtors intended to claim, and claimed, the Waucoma Property as their homestead on the petition date.

---

[3]Iowa opted out of the federal exemption scheme. *In re Timmerman*, No. BR 17-00804, 2024 WL 878191, at *2-3; *In re Allen*, 301 B.R. 55, 58 (Bankr. S.D. Iowa 2003); Iowa Code § 627.10. Consequently, Debtors claimed their homestead exemption under Iowa law. *Id.*

AgVantage argues, and the bankruptcy court found, that the Waucoma Property lost its homestead status when Debtors purchased the New Hampton Property; and, consequently, Debtors did not properly claim the Waucoma Property as their homestead on Schedule C. Debtors claim the bankruptcy court erred in making this finding.

Under bankruptcy law, Debtors' exemption claim enjoys presumptive validity, and the objecting party carries the burden of proving that the exemption is not properly claimed. *See* Fed. R. Bankr. P. 4003(c); *Danduran v. Kaler (In re Danduran)*, 657 F.3d 749, 754 (8th Cir. 2011); *In re Timmerman*, No. BR 17-00804, 2024 WL 878191, at *2-3 (Bankr. N.D. Iowa Feb. 29, 2024). This presumption remains true in the context of lien avoidance under 11 U.S.C. § 522(f). Although the movant typically bears the burden of proving lien avoidance elements, where "'the grounds for an objection to lien avoidance rest upon a challenge to the debtor's claimed homestead exemption, Bankruptcy Rule 4003(c) shifts that burden to the [objector]' to prove that the exemption is not properly claimed." *Albarran v. Rivera (In re Rivera)*, 627 B.R. 765, 772 (B.A.P. 1st Cir. 2021) (citations omitted); *see also In re Bravo*, No. 2:22-BK-00551-FMD, 2023 WL 3035382, at *3 (Bankr. M.D. Fla. Apr. 21, 2023); *In re Noonan*, No. 13-15420-WCH, 2014 WL 184776, at *3 (Bankr. D. Mass. Jan. 15, 2014); *In re Maylin*, 155 B.R. 605, 613–14 (Bankr. D. Me. 1993).

Likewise, under Iowa law, "once a homestead is acquired, it is presumed to continue until its use is terminated." *In re Lambert*, No. 00-0255-DH, 2000 WL 35798604, at *3 (Bankr. S.D. Iowa Dec. 5, 2000) (citing *In re McClain's Estate*, 262 N.W. 666, 669 (Iowa 1935)). If the debtor no longer occupies the homestead, the burden of proving a valid homestead exemption shifts. As the *In re Lambert* court explained:

> [O]nce actual occupancy ceases, a presumption arises that the homestead is abandoned. *Crail v. Jones*, 221 N.W. 467, 469 (Iowa 1928). In that instance, the burden shifts to the one claiming the exemption to show a fixed, specific, and abiding intent to return. *Id.; Citizens' Bank of Milo v. Frank*, 235 N.W. 30, 32 (Iowa 1931).

-9-

"Whether or not a homestead has been abandoned is largely a matter of intent to be determined on the particular facts in each case. The question is one of intention and that must usually be determined from the testimony of the parties in the light of the surrounding circumstances." *Charter v. Thomas*, 292 N.W. 842, 843 (Iowa 1940) (internal citations omitted).

*In re Lambert*, 2000 WL 35798604, at *3.

AgVantage argues that it met its burden of proving that Debtors did not properly claim a homestead exemption in the Waucoma Property by offering evidence of a warranty deed conveying the New Hampton Property to Debtors that the sellers signed on July 2, 2021, (12 days before the petition date) and filed on October 15, 2021. Doc. 23-4. This warranty deed, without more, is not sufficient to rebut Debtors' presumptively valid exemption claim, to show that Debtors failed to properly claim the Waucoma Property as their homestead or to shift the burden to Debtors to show they did not abandon the Waucoma Property.

There is some evidence that Waucoma Property Parcel A lost its homestead status when Debtors filed a Declaration of Homestead that did not include Parcel A in August 2021, when they transferred their interest in the homestead house and hog confinement (Parcels B and E) in October 2021, and when they recorded the deed to the New Hampton Property in October 2021. But this evidence is not sufficient to show Debtors' residency or intent to maintain or abandon the Waucoma Property on July 14, 2021, *the petition date*. *See In Lerbakken*, 949 F.3d at 435-36 (ruling that bankruptcy exemptions are determined as of the petition date). The record includes no evidence that Debtors lived at the New Hampton Property or intended to reside at the New Hampton Property on the petition date. Both parties acknowledged that the bankruptcy court heard no testimony regarding where Debtors lived on the petition date and whether they intended to abandon the Waucoma Property at that time. The only evidence of Debtors' residency and intent on the petition date is the petition and schedules. The bankruptcy court's finding that Debtors were using the New Hampton Property as their homestead, with no evidence in the record

supporting this finding, is clearly erroneous. The bankruptcy court's decision to deny Debtors' Motion to Avoid Judicial Lien on this basis is reversed.

**B. The bankruptcy court erred by neglecting to apply the presumptions afforded to Debtors in the context of a Rule 12(b)(6) Motion to Dismiss.**

Debtors argue that the bankruptcy court erred in finding that AgVantage did not violate the discharge injunction when it pursued a Praecipe and Request for Execution in state court and acquired Parcel A of the Waucoma Property through the sheriff's sale. In its opinion and order, the bankruptcy court found that AgVantage held a valid lien on Waucoma Property (Parcel A) and that Parcel A "was no longer even arguably part of its homestead." It concluded that Debtors failed to meet their burden to establish that AgVantage is in contempt of any court order and that AgVantage violated the discharge injunction. Doc. 42 at 12.

On review of the bankruptcy court's decision, we begin with the procedural posture of the motion before the bankruptcy court. AgVantage sought dismissal of Debtors' claim and cause of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When considering a Rule 12(b)(6) motion to dismiss, the court accepts well-pleaded factual allegations in the complaint as true and construes all reasonable inferences in favor of the nonmoving party. *Par v. Wolfe Clinic, P.C.*, 70 F.4th 441, 445 (8th Cir. 2023). In their complaint, Debtors alleged "they claimed their homestead and surrounding property as exempt pursuant to Iowa Code § 561" in their voluntary petition for relief. Compl. at 2. Accepting Debtors' homestead exemption claim allegation as true under Rule 12(b)(6), AgVantage's judicial lien did not attach to Debtors' homestead under Iowa law. *See* Iowa Code § 624.23 ("Judgment liens described in subsection 1 do not attach to real estate of the defendant, occupied as a homestead pursuant to chapter 561, except as provided in section 561.21 or if the real estate claimed as a homestead exceeds the limitations prescribed in sections 561.1 through 561.3."); *see also AgVantage FS, Inc. v. W. Farming, Inc.*, No. 10-1820, 2011 WL 2695283, at *3 (Iowa Ct. App. July 13, 2011)

("[A] judgment lien generally cannot attach to land used and occupied as a homestead and land designated as a homestead generally cannot be executed upon to enforce a judgment lien." (quoting *Baratta v. Polk Cnty. Health Servs.*, 588 N.W.2d 107, 112 (Iowa 1999))).

Additionally, as discussed above, Debtors' homestead exemption claim enjoys presumptive validity. *See* Fed. R. Bankr. P. 4003(c); *In re Danduran*, 657 F.3d at 754. To the extent AgVantage disputed this allegation with evidence suggesting Debtors' exemption was improper, this created a question of fact for trial. *See Core & Main, LP v. McCabe*, 62 F.4th 414, 421-22 (8th Cir. 2023) (highlighting questions of fact making Rule 12(b)(6) dismissal inappropriate).

Accordingly, we find that the bankruptcy court erred, as a matter of law, in reaching the merits of Debtors' claims without affording Debtors the presumptions to which they are entitled. Its decision to grant AgVantage's motion to dismiss the adversary proceeding is reversed.

## CONCLUSION

For the reasons stated, the decision of the bankruptcy court is reversed, and the case remanded for an evidentiary hearing and other proceedings consistent with this opinion.

_____